## WARREN D. CANFIELD *vs.* JABEZ CANFIELD.

A bill of exceptions which sets forth only the rulings requested and those given, without stating any facts proved or evidence introduced at the trial, cannot be sustained.

When, at the hearing before the presiding judge for the purpose of settling a bill of exceptions, a defect is suggested in the bill tendered, but the excepting party opposes any amendment, and the bill is allowed without change, a motion first made at the argument in this court, for the purpose of enabling an application to be made to the judge below for such an amendment, will not be granted.

TORT for obstructing a right of way of the plaintiff across a close in New Marlborough. The answer denied that the plaintiff had the alleged right.

At the trial in the District Court for Southern Berkshire, the justice refused a prayer of the defendant for certain rulings of law, and made certain other rulings, which it is unnecessary here to state, with regard to the mode of gaining rights of way by prescription; the verdict was for the plaintiff; and the defendant alleged exceptions. The bill of exceptions certified to this court contained no statement of any facts proved or evidence introduced at the trial. Upon the suggestion of the defect by the court, after the case was called for argument and the bill read,

*B. Palmer*, (*A. J. Waterman* with him,) for the defendant, moved for a postponement to enable the defendant to apply to the justice for an amendment. But the motion was opposed by

*J. Dewey, Jr.*, for the plaintiff, who stated that in settling the bill before the justice the plaintiff's counsel suggested that a statement should be inserted of the evidence to which the defendant would contend that the rulings refused were applicable, but the defendant's counsel declined to modify the bill, and requested the justice to allow it in the precise form in which it was then presented and now appeared, and the justice did so. And this statement was admitted to be true.

BY THE COURT. The bill of exceptions contains no statement of facts proved or evidence introduced at the trial. It does not therefore appear that there was error in any material point prejudicial to the defendant, either in the refusal to give the instructions requested, or in the instructions given. As the parties

agree that the exceptions were originally drawn in this form, and deliberately adopted, after suggestion had been made that the evidence should be stated and the excepting party had resisted any change in them, the motion for a postponement must be denied, and the *Exceptions overruled.*