## Thomas J. McDonough *vs.* John Miller.

**The court, having given general instructions, is not bound, upon request, to instruct as to the effect of a portion of the evidence taken by itself.**

Contract for breach of an agreement to take proper care of a horse.

At the trial in the Superior Court, before *Wilkinson, J.*, it appeared that the plaintiff was the owner and driver of a hackney coach and a pair of horses; that the defendant owned and kept a stable for the care of carriages, and for feeding, stabling, grooming and taking care of horses; that for $14 a week the defendant agreed to take care of the plaintiff's coach, and to feed, stable, groom and take care of his horses while they were not in use; that on a certain Saturday the plaintiff took the horses out of the stable, and, after using them for some hours in his business, returned them to the stable, between eight and nine o'clock in the evening, and, at the request of the defendant's hostler, put them himself into their stalls; that the horses were then, according to the testimony of the plaintiff, in apparently sound condition.

The hostler, who had charge of the stable and of the horses, testified that he had in no way injured the horses, and that when, on the following morning, he was about to groom one of them, thick matter, as from an old sore, was being discharged from its hind leg, at the inside of the hock, from an opening, puncture or wound of the skin at that part; that he had had no previous knowledge of the opening, puncture or wound, or of what caused it; that he had for a long time before noticed that the horse had a swelling on his leg at the place of the sore, and that it had been so tender that he could not use the currycomb on that part.

The plaintiff denied the existence of the swelling or tender-ness as testified to by the hostler, and introduced evidence tend-ing to prove the contrary. A veterinary surgeon, who was ac-customed to treat wounds and diseases of horses, testified that he saw the wounded horse on the Sunday in question ; that in his opinion the wound was a recent wound, and made by some sharp instrument ; that it was about two inches deep, and that it was such a wound as might be made by the tine of a pitchfork, such as was used in the defendant's stable, and was shown to the wit-ness by one of the defendant's hostlers, some days after the time of the injury. The plaintiff and the doctor both testified that it was not thick matter which was being discharged from the wound on the morning in question, but a " running," consisting of blood and water, such " as always comes from a fresh wound, and never from an old sore." It appeared in evidence that there were two hostlers in charge of the defendant's stable at the time in ques-tion, and that but one testified in the case ; but the one who tes-tified swore that he alone had the care of the plaintiff's horses, and of the side of the stable where they were kept, and that he had the keys of the stable on the night in question, and was the first person at the stable on the Sunday morning referred to.

The judge instructed the jury, among other things, that it was incumbent on the plaintiff to satisfy them, upon the evidence in the case, that the injury was the result of a want of due care on the part of the defendant or his servants. After the judge had concluded, the defendant requested that the judge would further instruct the jury " that negligence, or want of due care, cannot be inferred from the mere fact that the horse was found with the injury or disease on him on the morning in question ; " but the judge refused so to rule, and submitted the case to the jury under the instructions already given. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. F. Donnelly*, for the defendant.

*C. Robinson, Jr., & J. D. Fallon*, for the plaintiff.

BY THE COURT. The presiding judge, having given a correct instruction to the jury, which covered the whole case, was not bound to instruct them further as to the effect of a part of the

evidence.  *Bailey* v. *Bailey*, 97 Mass. 373.  *Howe* v. *Howe*, 99 Mass. 88.  *Littlefield* v. *Huntress*, 106 Mass. 121.

*Exceptions overruled.*