COMMONWEALTH *vs.* DANIEL B. GILSON.

Middlesex.   March 24, 1880.   AMES & LORD, JJ., absent.

No exception lies to a refusal to give instructions which are not shown by the bill of exceptions to be applicable to the case.

COMPLAINT for assault and battery upon the defendant's brother, John F. Gilson, the complainant, at Stoneham, on May 23, 1879.

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows :

The defendant claimed the dwelling-house formerly occupied by his mother as a homestead, which he, as administrator of his mother's estate, had conveyed by deed to a woman whom he subsequently married.   The complainant, at the time of the alleged assault, was the tenant of the defendant and his wife, occupying the first story of the dwelling-house, and paid rent for its use and occupation.   While the defendant was moving his furniture into a tenement in the second story of the dwelling-house, not in the possession of, occupied or hired by the complainant, he was opposed and prevented by the complainant from entering and carrying his furniture into the tenement by said complainant taking hold of the horse attached to the wagon and pushing and drawing him back ; and during the time the defendant was endeavoring to lead the horse into the yard for the purpose of carrying his goods into said tenement, and while the complainant was thus preventing him, the assault was alleged to have been committed.

The complainant, as heir of his mother, claimed to have an interest in said dwelling-house, as the validity of the administrator's deed and sale was disputed, and to have acted under advice of counsel in preventing the defendant from entering the tenement which he proposed to occupy.   The defendant contended that all proceedings under the sale were legal and valid, but the evidence upon that point was not investigated.

The defendant asked the judge to instruct the jury as follows ; " 1. If the complainant was the tenant of the defendant, and was not in the possession of the tenement which the defendant

intended to occupy, either by lease or verbal agreement with the defendant, then the defendant had a right to enter said premises for the purpose of occupying them, and, if he was opposed by the complainant in that purpose, the defendant had a right to use sufficient force to overcome the resistance offered by the complainant. 2. If the defendant had a legal right to enter said premises as owner or otherwise, and was opposed by the complainant, then the defendant had a right to use sufficient force to overcome the resistance offered by the complainant, and is not guilty of assault, unless the jury shall find that the force used by him was excessive."

The judge declined to give the instructions requested, because the question of title, not being involved in the trial, nor made and investigated, except partially, nor requested to be tried by either party, the instructions requested were not applicable to the case; and instructed the jury that, if they were satisfied beyond a reasonable doubt that the defendant assaulted the complainant, such assault not being rendered necessary in self-defence, by any assault on the part of the complainant, they would be justified in rendering a verdict of guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. A. Upton*, for the defendant.

*F. H. Gillett*, Assistant Attorney General, ( *G. Marston*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. The bill of exceptions does not show that there was any evidence in the case to which the instructions requested were applicable, and therefore cannot be sustained. *Canfield* v. *Canfield*, 112 Mass. 233. *Exceptions overruled.*