SAMUEL HORTON *vs.* TIMOTHY M. COOLEY.

Hampden. Sept. 25. — Oct. 1, 1883. FIELD & W. ALLEN, JJ., absent.

If a person is in possession of a building adapted for use as a foundry and machine-shop, and furnished with power from a water-wheel belonging to the owner of the building, he is liable for the fair rental value of the premises as a machine-shop and foundry, after notice from the owner that he shall hold him liable if he cóntinues such occupation thereafter, although he uses it for storage purposes only.

An exception to a refusal to give a ruling requested will not be considered by this court, if no facts appear in the bill of exceptions which would render such ruling relevant.

CONTRACT for use and occupation of certain premises in Westfield, from December 23, 1881, to April 29, 1882. At the trial in the Superior Court, before *Barker,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*H. W. Ely & C. F. Ely,* for the defendant.

*C. L. Long,* for the plaintiff.

DEVENS, J. It was shown that the plaintiff notified the defendant, on December 23, 1881, that he should hold him liable for

rent or compensation for use and occupation of the brick foundry and machine-shop in his possession, if he continued this occupation thereafter. The defendant used these buildings for storage purposes only, although they were furnished with power from a water-wheel near by belonging to the plaintiff, which wheel also furnished power to another of the plaintiff's buildings.

The defendant claimed not to be liable for compensation for the occupation of the premises as a machine-shop and foundry; and offered to prove what they were fairly worth, without power, for storage purposes. The presiding judge ruled that the defendant was liable for the fair rental value of the premises as a machine-shop and foundry, whether the defendant used the power or not. To this ruling the defendant has no valid ground of exception. The power formed a part of the premises which he occupied, and by his possession thereof he deprived the plaintiff of its use as much as of the use of the buildings. If he saw fit to continue to use for storage purposes premises equipped and adapted for other purposes also, by reason of which their rentable value was enhanced, he must compensate the plaintiff. To make the sum for which the defendant is liable depend upon the value of the occupation to him would be unjust to the plaintiff, who is entitled to a fair rental for all the premises of which the defendant's occupation necessarily deprived him.

The exception to the refusal of the court to rule that the plaintiff, before he could recover, should have notified the defendant in writing to remove the keeper over the property, or the property from the premises, cannot be considered. *Fuller* v. *Ruby*, 10 Gray, 285. *Canfield* v. *Canfield*, 112 Mass. 233. No facts appear by the bill of exceptions which would render an instruction on this subject relevant, as it is not shown thereby that the defendant was an officer having an attachment on any property situated on the premises.          *Exceptions overruled.*