## COMMONWEALTH *vs.* THOMAS FORD.

Middlesex.　February 3, 1888. — February 6, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Evidence — Credibility — Prior Conviction — Charge to Jury.*

Under the Pub. Sts. c. 169, § 19, the conviction either of a felony or of a misdemeanor may be shown to affect the credibility of a witness.

At a criminal trial it is within the discretion of the presiding judge, to the exercise of which no exception lies, to refuse to re-instruct the jury that they should not decide the case by a "majority or minority vote" and that "it is the right of any juror to stick to his judgment if he thinks he is right."

COMPLAINT for keeping and maintaining a common nuisance, to wit, a certain tenement used for the illegal sale and keeping for sale of intoxicating liquors.

At the trial in the Superior Court, on appeal, before *Aldrich*, J., the defendant was a witness in his own behalf, and the government offered in evidence a record showing his previous conviction of a similar offence. The defendant objected to the introduction of the record, and asked the judge to rule that the word "crime" in the Pub. Sts. c. 169, § 19, meant felony, and not misdemeanor. The judge overruled the objection, and allowed the record to be put in evidence.

After the jury had retired and been out several hours, they were sent for by the judge, and in reply to a question put by him they reported that they had been unable to agree. The judge then read to the jury that part of the report of the case of *Commonwealth* v. *Tuey*, 8 Cush. 1, beginning with the words, (on page 2,) "The only mode," and ending with "and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows," and also read that portion of the opinion in that case, (on page 4,) beginning with the words, "The jury room," and ending with "would become a most effectual obstacle to it."

The defendant then requested the judge to instruct the jury: "1. The case should not be decided with reference to a majority or minority vote of the jury; and 2. It is the right of any juror to stick to his judgment if he thinks he is right."

The judge refused to give these instructions, which were in writing, but were not read to or in the hearing of the jury. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*T. Riley*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. Under the Pub. Sts. c. 169, § 19, the conviction of a witness of any crime, whether a felony or a misdemeanor, may be shown to affect his credibility. *Commonwealth v. Hall*, 4 Allen, 305.

It is to be presumed that proper instructions were given; and such instructions necessarily implied that the jury could not act by a majority, and that each juror must act upon his own convictions. The judge was not required to repeat these principles, which every juror must have understood. Whether he should do so was within his discretion, and no exception lies to his refusal to give the further instructions at the time and in the form requested by the defendant.                    *Exceptions overruled.*