COMMONWEALTH *vs.* HENRY COSSEBOOM.

Middlesex.    November 30, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Declarations of a Stranger — Confession.*

Evidence of threats by a person who is neither a party to a criminal case nor a witness in it is inadmissible to show that the prosecution was brought about in pursuance of such threats.

Where, in a criminal case, police officers testified to a conversation with the defendant which tended to show his guilt, testimony of the defendant in denial thereof, and stating what the conversation was, was *held* admissible to contradict the officers, but not as substantive evidence of the truth of his statement.

After the presiding justice has given correct instructions to the jury, covering the whole case, he is not bound to instruct them further as to the effect of a part of the evidence.

No exception lies to a refusal to give an instruction based upon evidence which has been excluded.

INDICTMENT for an assault upon Emily Barlow, a child of the age of eleven years.

At the trial in the Superior Court, before *Bond,* J., there was evidence tending to show that the offence was committed on the afternoon of Saturday, January 3, 1891; that at the time Emily lived with her parents, with whom also lived a Mrs. Roughsedge; and that the defendant had a lodging-room in the same house.

Mrs. Roughsedge was not called as a witness. The defendant offered to show by his own testimony that he had occupied the same bedroom with Mrs. Roughsedge, and that on the Thursday night before January 3, while he was so occupying it with her, she threatened to have him arrested because he would not marry her. The evidence was offered for the purpose of asking the jury to find that the prosecution was brought about by Mrs. Roughsedge, in pursuance of her said threat. The evidence was excluded, and the defendant excepted.

The officer who arrested the defendant testified that thereafter the defendant was taken by him to Emily, and in the presence of the mother, the officer, and the defendant; and, at the request of the mother, Emily told what the defendant did

to her; that the defendant replied, "Well, you were willing"; to which the girl replied that she was not. The officer further testified to a conversation with the defendant on the way to the lock-up, tending to show the defendant's guilt, which was substantially the same statement made by the defendant to another police officer on arriving at the lock-up. The defendant was allowed to deny their statements, and to testify that he told the first officer what has already been stated about his rooming with Mrs. Roughsedge, and her threat to have him arrested.

The counsel for the defendant, in his argument, contended that the prosecution was brought about by Mrs. Roughsedge in pursuance of her threat, when he was stopped by the presiding judge, and was told that there was no evidence from which he had a right to argue that the relations of the defendant and Mrs. Roughsedge were improper, or that she had made any threat to have him arrested; that this evidence had been excluded, and that the defendant had excepted. The counsel then proceeded to argue to the jury that there was the evidence by the defendant of what he told the officer on his way to the lock-up, when the counsel was again interrupted, and told, in the presence of the jury, "that there was no evidence in the case that the relations of the defendant with Mrs. Roughsedge were improper, and that the evidence of the defendant that he told the officer that he roomed with her was not evidence of the truth of such statement to the officer, — it was evidence that he so told the officer, — and that the court would instruct the jury that there was no evidence in the case of any improper relations between the defendant and Mrs. Roughsedge, or that she had threatened to have him arrested because he would not marry her; and the court did so instruct the jury, to all of which the defendant excepted."

Full instructions were given to the jury, to which no exception was taken except as above indicated.

The defendant requested the following instructions:

1. "The nature and extent of what is claimed by the government as a confession by the defendant of what it is said the girl did, is to be considered by the jury, as whether or not, if the defendant made a confession, or so intended, he would not more fully have stated the fact, or have something more direct to the

purpose of such confession than a mere inferential statement such as is claimed he did make."

2. "It is for the jury to consider, from all the evidence in the case, whether the motive for making this charge against the defendant was instigated by Mrs. Roughsedge, either with or without the knowledge of the child's mother, for any purpose of her own."

The judge refused so to instruct the jury; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. N. Allin,* for the defendant.

*A. E. Pillsbury,* Attorney General, & *C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

LATHROP, J. 1. The statements of Mrs. Roughsedge were properly excluded. She was not a party to the cause, nor was she a witness. The evidence does not even disclose that she instigated the charge, and, even if it did, this would not render her statements admissible. In *Commonwealth* v. *Brownell,* 145 Mass. 319, a witness for the government, who had testified that he was active in the prosecution, and that he had had a conversation with the complainant, was not allowed to be asked by the defendant what the conversation was. See also *State* v. *Maitremme,* 14 La. An. 830; *Williams* v. *State,* 52 Ala. 411; 1 Bish. Cr. Proc. (3d ed.) § 1082.

2. Two police officers testified to a conversation had by them with the defendant, which tended to show his guilt. He was then allowed to deny the statements of the officers, and to testify to what conversation he had with them. This was admissible for the purpose of contradicting the testimony of the officers, but was not admissible as substantive evidence of the truth of his statement. The counsel for the defendant was, therefore, properly not allowed to comment upon this as substantive evidence.

3. The first request for instructions was properly refused. The judge had already given full instructions to the jury; and it was within his discretion to decline to give further instructions, and in the form requested. *Commonwealth* v. *Ford,* 146 Mass. 131. The instruction asked for is also open to the objection that it called upon the judge to instruct the jury further

upon a part of the evidence. *McDonough* v. *Miller*, 114 Mass. 94. *Neff* v. *Wellesley*, 148 Mass. 487.

4. The second request for instructions was also properly refused. It was based upon evidence which had been excluded. *Commonwealth* v. *Gilson*, 128 Mass. 425. *Commonwealth* v. *Sargent*, 129 Mass. 115.                    *Exceptions overruled.*