MARGARET MURRAY *vs.* B. B. KNIGHT & another.

Norfolk.    March 15, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Election — Request for Rulings — Negligence.*

The plaintiff, an employee of the defendants, was injured by falling on a walk on the defendants' premises, which led from their mill to a public street. The declaration contained three counts, two at common law and one under the St. of 1887, c. 270, § 1, cl. 2. At the close of the evidence the presiding judge required the plaintiff to elect whether she would stand on the common law counts or the statutory count. *Held*, that even if this ruling was not within the discretion of the presiding judge, the plaintiff was not injured thereby, as it was given at the close of the evidence, and the issues were identical.

In an action to recover for personal injuries occasioned to the plaintiff, an employee of the defendants, by falling on a walk on the defendants' premises, the jury were instructed as to the defendants' duty to provide a reasonably safe way, and the question was left to them whether the defendants had exercised reasonable care in providing such a way. *No exception was taken to the instructions,* and the bill stated that other instructions were given, not excepted to. *Held,* that the presiding judge was not required to single out some particular portion of the evidence for special comment and remark; and that, apart therefrom, the jury ought not to have been instructed that they would be warranted in finding negligence from the mere fact of there being smooth ice on the way.

TORT, for personal injuries occasioned to the plaintiff, on February 20, 1890, at about 6.03 P. M., by falling on a concrete walk on the defendants' premises, leading from the door of their mill to a public street, called River Street, at Readville.

At the trial in the Superior Court, before *Thompson,* J., the plaintiff introduced evidence tending to show that she was in the service of the defendants in the mill up to 6 P. M., and was making her exit therefrom to River Street when she fell; that it was dark, and that no sand, gravel, ashes, or other substance covered in whole or in part the smooth ice on the walk, which was very slippery, and that while exercising due care she fell in consequence of the slipperiness. There was no evidence offered of any other defect or ground of complaint than the slipperiness, and the failure to provide against the darkness. The evidence of the defendants tended to show that it was not dark, and that the walk was carefully covered with both ashes and sand by servants of the defendants, by direction of their superintendent. The evidence tended to show that the concrete walk in itself was a first-class walk.

The weather record for February 19 and 20, 1890, which was put in evidence, showed that it snowed a little on both days, the weather clearing on the 20th, at about 3 P. M. The time of sunset on the 20th was 5.38, and there was evidence tending to show that on the evening of that day there was moonlight; that the defendants' superintendent was about the immediate vicinity the whole afternoon of the day of the accident, and knew the condition of the weather and of the walk; and that there were no lights on the defendants' premises between the mill and the street, but there was conflicting testimony as to whether lights were necessary. There was also evidence that three years before

the defendants provided outside light for travellers on the walk, but had not since.    But the evidence of the defendants tended to show that, when the light was removed, an electric light was placed on the highway near the defendants' premises, and that this last light shone upon the sidewalk.

The declaration contained three counts, two at common law, and one under the St. of 1887, c. 270, § 1, cl. 2.    At the close of the evidence, at the request of the defendants, the judge required the plaintiff to elect whether she would stand on the common law counts or the third or statutory count.    The plaintiff, under objection, elected to stand on the third or statutory count.

The judge instructed the jury, that the plaintiff was entitled to a reasonable, safe, and convenient way of getting to and from the premises where she was at work, and that the question was one of fact for the jury.    The following is a portion of the charge:

" You are to take into account the fact that in this climate there may be or are sudden changes; that it may freeze suddenly and the surface become slippery.    You are to take that into consideration in determining what a party ought reasonably to do under such circumstances as existed at the time of this accident and just before the accident.    There is no law requiring any particular lighting, any particular form of light; there is no principle of that kind.    A place may or may not require to be lighted; that is a practical question under all the facts for a jury to determine.    And I leave it with you as a question of fact to be determined, in the first place, whether or not this way, as provided, was reasonably suitable for the purposes for which it was provided, and for which this plaintiff was invited by being employed in the mill to use the way.    As I have said, if it was, that is all that the law requires.    And if the defendants are not proved to have been guilty of negligence in the care of this way, they are not responsible.    It is for their negligence or failure to do that which they were bound to do that they are answerable, and they are to exercise reasonable care to provide for the safety of those who are using the premises for their convenience, and whom they invite upon their premises."

Other instructions were given, which were not excepted to.

The plaintiff requested the judge to rule that the jury would

be justified in finding that there was negligence, upon all the evidence, if they were satisfied that there was on that walk, or on any part of it given to common use, the absence of any material which would prevent a person using due care from falling, even though the walk and ice were smooth.

The judge refused so to rule.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*E. Greenhood*, for the plaintiff.

*J. E. Cotter*, ( *W. M. Stockbridge* with him,) for the defendants.

LATHROP, J. The plaintiff, an employee of the defendants, was injured by falling on a concrete walk on the defendants' premises, which led from their mill to a public street. The declaration contained three counts, two at common law, and one under the St. of 1887, c. 270, § 1, cl. 2. The ground relied on under all the counts was that the walk was dark and slippery, being covered with ice, without ashes or sand upon it. There was conflicting evidence on these points; and, under the instructions of the court, the jury must have found that the defendants were not guilty of negligence in either of these respects. If the ruling requiring the plaintiff to elect to proceed upon the common law counts or upon the statutory count was not within the discretion of the presiding judge, the plaintiff was not injured thereby, as the ruling was given at the close of the evidence, and the issues were the same; and she has no ground of exception. *Brady* v. *Ludlow Manuf. Co.* 154 Mass. 468.

The remaining exception of the plaintiff is to the refusal of the presiding judge to rule that the jury would be justified in finding that there was negligence, upon all the evidence, if they were satisfied that there was in that walk, or on any part of it given to common use, the absence of any material which would prevent a person using due care from falling, even though the walk and ice were smooth.

We are of opinion that the refusal to give this ruling affords the plaintiff no ground of exception. The jury were fully instructed as to the obligation of the defendants to provide a reasonably safe way for their employees; and the question was left to them whether the defendants had exercised reasonable

care in providing such a way. No exception was taken to the instructions given; and the bill of exceptions states that other instructions were given which were not excepted to. The judge was not required " to single out some particular portion of the evidence for special comment and remark." *Littlefield* v. *Huntress*, 106 Mass. 121, 127. *McDonough* v. *Miller*, 114 Mass. 94. *Strong* v. *Connell*, 115 Mass. 575. *Dahill* v. *Booker*, 140 Mass. 308. *Neff* v. *Wellesley*, 148 Mass. 487.

But, apart from this consideration, the jury ought not to have been instructed that they would be warranted in finding negligence from the mere fact of there being smooth ice on the path. The time it had remained there was an important element. It was a question for the jury, on all the evidence in the case, whether the defendants had exercised reasonable care.

*Exceptions overruled.*