JACOB LEVINE *vs.* LOUIS D. COHEN.

Suffolk. March 10, 1920. — April 2, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Requests for rulings.

No error appears in the denial of requests for rulings where there is nothing stated in the record showing what, if anything, the subject matter of the requests have to do with the issues involved in the trial, or showing or tending to show their pertinency, or that the party making them was injured by their refusal.

A request for a ruling based upon an assumption of fact contrary to the finding of the trial judge is properly denied.

CONTRACT on a promissory note for $1,000, dated May 27, 1918, and due September 3, 1918, by an indorsee against an indorser before delivery. Writ in the Municipal Court of the City of Boston dated September 9, 1918.

The material evidence at the hearing in the Municipal Court is described in the opinion. The defendant requested the judge to rule as follows:

"3. As between this plaintiff and his principal Morrison and the defendant, the gasoline tanks being in the ground are a part of the realty. If they are taken away from Marron by the true owner the consideration for the note fails in so far as the value of these tanks are concerned.

"4. The sale for which the note was in part given, being under foreclosure, it conveys everything called fixtures in the original mortgage for breach of the terms of which the foreclosure was made, and the consideration for the note fails in so far as these fixtures or any of them are not delivered to Marron or being delivered are lawfully taken away from him.

"5. The consideration for the note likewise fails in so far as Marron has been obliged to pay sums of money to put the building in condition to receive license to operate if the court shall find that Morrison promised so to do at the time of the sale.

"6. The action by the mortgagee Morrison in entering to foreclose the mortgage upon the premises since this suit was begun, to wit, on Monday, December 30, 1918, defeats this action if it is found that this plaintiff knew that the conditions of the original sale had not been complied with."

The judge refused to rule as requested, found that the plaintiff was the holder of the note for value, that there was no failure of consideration, and that the conditions of the sale were substantially complied with; and found for the plaintiff in the sum of $1,000 with interest.

The judge then reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

The case was submitted on briefs.

*H. H. Pratt*, for the defendant.

*W. I. Schell & A. C. Webber*, for the plaintiff.

JENNEY, J. In this action, brought in the Municipal Court of the City of Boston upon a negotiable promissory note against one who had indorsed the note before delivery, the judge found without exception that the plaintiff, who was an indorsee for value, took the note subject to all equities between the original parties.

There was evidence tending to prove that the note was given in payment for a garage purchased at auction under a mortgagee's sale. The report does not show what was included in the sale, or what were its terms. The judge found that there was no failure of consideration, and that the conditions of the sale were substantially complied with.

The case is here, after a finding for the plaintiff, on the defendant's exceptions to the refusal to give four requests for rulings. Three, relating to claims of partial failure of consideration,

were denied as inapplicable. The defendant thereby asked the trial judge to rule that such failure existed because gasoline tanks and fixtures were part of the realty or were not delivered to the purchaser or retained by him, and because the purchaser was obliged to expend money on the garage in order to procure a license permitting its use. On the meagre record it does not appear what, if anything, the subject matter of these requests had to do with the issues involved in the trial. Nothing is stated showing, or tending to show, their pertinency, or that the defendant was injured by their refusal. Hence no error appears in their denial. *Canfield* v. *Canfield*, 112 Mass. 233. *Horton* v. *Cooley*, 135 Mass. 589. *Hansen* v. *Fitchburg & Leominster Street Railway*, 222 Mass. 116.

The remaining request is as follows: "The action by the mortgagee Morrison in entering to foreclose the mortgage upon the premises since this suit was begun, to wit, on Monday, December 30, 1918, defeats this action if it is found that this plaintiff knew that the conditions of the original sale had not been complied with." This was rightly denied. It is based on the assumption that the conditions of the sale had not been complied with. The judge, however, found to the contrary. Moreover, the considerations already stated when considering the other requests apply to this with equal force. The defendant does not argue his appeal so far as it relates to the denial of his motion made in the Appellate Division of the Municipal Court for a recommittal of the report, and it is treated as waived. See *Cohen* v. *Berkowitz*, 215 Mass. 68; *Jackson Caldwell Co.* v. *Poto, ante,* 58.

It follows that the order of the Appellate Division denying the motion to recommit the report and dismissing the same, must be affirmed; and it is

*So ordered.*