Pettingell, J.
Action of tort for personal injuries in which the trial judge found for the plaintiff. The injury alleged came from a fall caused by a slippery condition of the floor in the defendant’s place of business.
The fundamental issue in the case is whether there was sufficient evidence to warrant a finding that the presence of the substance upon which the plaintiff slipped was in any way due to negligence on the part of the defendant. The *479 trial judge found that the substance was a surplus accumulation of floor wax for which the defendant was responsible. The report states that it contains all the evidence material to the questions reported.
There was evidence that the floor was waxed about once each month or six weeks; that it had been waxed not more than two weeks before the plaintiff’s accident; that when the floor is waxed, it is first washed and dried, after which a liquid polish is put on which is rubbed on the floor. After this has dried, an electric polisher is used so as to bring the floor down to a clean surface. Other than this description of a general practice there was no evidence as to what happened when the floor was waxed the last time before the accident.
The plaintiff described the substance on which she slipped as “a smootchy, dirty, greasy spot * * *; through that spot she distinctly saw her heel mark which showed light.” A few minutes later she looked at the spot again and saw “the same, dirty greasy spot, that it looked like an old grease spot, that it was 10 or 12 inches in diameter and irregular and had a streak through the center of the grease.”
Her daughter testified “that there was a spot of grease on the floor, dirty with a streak through it where her mother slipped. * * * that the streak was light and ran through the center, that the size of the spot was 8 inches long and indefinite in shape, * * * that there was dirt over the spot.”
This was all of the direct evidence in the plaintiff’s case describing the character and nature of the substance on the floor.
On cross examination the plaintiff testified that she had talked with a representative of the defendant and had made statements to him concerning the happening of her acci *480 dent and that in that conversation she had said that the substance on the floor was wax. It was pointed out to her that in direct examination she had testified that her accident was caused by a greasy substance whereas in the statement to the representative of the defendant she had said that the substance was wax. She then testified that she knew the difference between wax and grease; that she distinguished grease from wax because she knew what automobile grease was; that the substance on the floor did not have any other footmarks than what she had described; that wax after being used became hardened; that grease was a pliable substance; that the substance on the floor which caused her to slip was a smootchy, dirty, greasy spot ; that in her opinion the substance on which she slipped was grease; that she had “used a liquid wax in her home cleaning and that it had a greasy appearance.”
This was all the evidence there was regarding the substance on the floor which caused the plaintiff to slip. The trial judge found as fact “that the substance- upon which she slipped was about three-fourths the size of a foolscap sheet of paper, irregular in shape; that it was dirty and grimy; that through the center of it was a furrow of light color made by the plaintiff’s heel; that the- substance appeared greasy. * * * On all the evidence I believe a finding is warranted that the substance upon which the plaintiff slipped was surplus accumulation of floor wax and I so find. There was evidence that the floor was greased by a servant of the defendant about every month or six weeks, and that the last application of wax had been made probably not later than two weeks before this accident. I find that said surplus wax was on the floor sufficient length of time for the defendant to have notice thereof * '* *. ’ ’
The trial judge evidently classed “wax” and “grease”1 as of the same nature because he refers to the floor as be *481 ing “greased” by tbe defendant’s servant. We believe that there is a distinction between “wax” and “grease,” even snch a distinction as the plaintiff was endeavoring to make, the grease being “pliable” and the wax “hardened” after application.
A careful study of the evidence reported, which according to the report is all that there was, shows no testimony by any one that the substance on the floor was wax. The plaintiff in her testimony maintained consistently that it was not wax but grease. She insisted that she knew the difference between wax and grease, “that she distinguished grease from wax because she knew what automobile grease was * * * that in her opinion the substance on which she slipped was grease.” The only concession that she made to any similarity between wax and grease was that the liquid wax she had used had a greasy appearance'. She did not say that she had ever used it on a floor, and a thing which has a greasy appearance does not necessarily make a “smootchy, dirty, greasy spot.”
No witness testified that the spot was wax, there was no testimony as to the actual waxing of the floor the last time it was waxed, or as to the condition of the floor after it was last waxed, or during the two weeks between the waxing and the plaintiff’s accident. There is nothing in the evidence from which it might be inferred that surplus wax remained on the floor unless there was evidence from which the substance can be found to have been wax.
There remains the statement of the plaintiff that she had told the defendant’s representative that, the substance was wax. Even then, after the matter was forcibly called to her attention, she did not testify that the substance was wax, but, on the contrary, continued to maintain that there was a distinction between grease and wax. It was then *482 that she insisted that she knew the difference between the two.
The trial judge attached great importance to this part of her cross examination. In his finding of fact he said,
“In answers to interrogatories in a statement given to an investigator of the defendant at an earlier date, the plaintiff expressed her opinion that the substance was floor wax. At the trial she expressed an opinion that it appeared greasy; that she was familiar with the appearance of floor wax and distinguished between floor wax and grease; that there is a liquid type of floor wax which after application takes on a greasy appearance. ’ ’
The plaintiff’s evidence does not in some particulars go as far as the judge’s finding of fact. Her testimony as reported makes no mention of floor wax as distinguished from wax generally, and she did not say that she had ever used liquid “floor” wax or that it had a greasy appearance “after application,” what she said was that she had used a liquid wax “in her home cleaning” and that “it had a greasy appearance.” Whether this greasy appearance was before using or after it had been applied was not stated, nor was there any mention of its use on floors.
The trial judge evidently considered her statement to the defendant’s representative that the substance was wax as evidence that the substance was wax. In this there- was error. That statement was brought out in her cross examination for the purpose of discrediting her testimony in direct examination that the substance was “grease.” If the plaintiff had not testified there would have been no way in which the defendant could have gotten that statement into the record. It was admissible- for the sole purpose of impeaching her direct testimony, by showing that she had made statements inconsistent with her testimony. This was a proper procedure and the evidence was properly admitted.
*483 It was not, however, proof of the substantive facts which it contained. Gould v. Norfolk Lead Co., 9 Cush. 338, at 347; Commonwealth v. Festo, 251 Mass. 275, at 279. This matter was discussed in the recent case of Horneman v. Brown, 286 Mass. 65, at 68, 72. In that case the defendant, having described a course of conduct which, if her testimony was to be believed, would amount to gross negligence, was asked, if she had not made another statement of her conduct on the occasion in question essentially different, and containing none of the elements of gross negligence. The Supreme Judicial Court held that the evidence of her earlier inconsistent statement should have been admitted, and that its exclusion was prejudicial error. At page 72, the court said,
“It may have been of such a nature as to throw doubt upon the basis of the plaintiff’s case.”
Earlier in the opinion the court had said, at page 68 :
“The proffered evidence of the prior statements made by the defendant inconsistent with her testimony given in court was only hearsay and had no probative force as to the truth of the facts so stated. * * * The defendant’s statement out of court set forth in the offer of proof showed no negligent conduct on her part and by itself constituted no admission against her interest. If this identical evidence had been offered on behalf of the plaintiff, it would have been admitted as a proper attack on the credibility of the defendant. ’ ’
The statement of the plaintiff in this case that she had earlier said that the substance was wax was not an admission against her interest. She could recover as well if it were wax as she could if it were grease. In fact, in this case, we have the defendant striving to secure from the plaintiff testimony that the substance was wax, and if she had so testified, there would have been such a basis for the judge’s finding that there would be now no valid claim of *484 error. Her inconsistent unsworn statement was admissible not as an admission against her interest, but because it was inconsistent with her sworn testimony and therefore created a doubt as to her credibility. It might destroy her credibility but it could not be treated as evidence that the substance on the floor was wax. First National Bank of Chelsea v. Goodell, 107 Mass. 149, at 153; Francis v. Rosa, 151 Mass. 532, at 535; Commonwealth v. Cosseboom, 155 Mass. 298, at 300; Bothwell v. Boston Elevated Railway, 215 Mass. 467, at 469; Bloustein v. Shindler, 235 Mass. 440, at 442; Rankin v. Brockton Public Market, Inc., 257 Mass. 6, at 11; Commonwealth v. Mercier, 257 Mass. 353, at 374.
In our opinion the trial judge committed error when he • gave consideration to the evidence discussed, other than for the purpose of discrediting the plaintiff’s testimony. Without giving weight to that evidence there was no basis for a finding that the substance on the floor was surplus wax.
The denial of the defendant’s first request, that there was not sufficient evidence to warrant a finding that the plaintiff’s accident was caused by the defendant’s negligence was prejudicial error.
The finding for the plaintiff is to be vacated and judgment entered for the defendant.