MARY D. IORIO *vs.* EDWARD C. DONNELLY, JUNIOR, & another, trustees. November 7, 1961. Order dismissing report affirmed. This is an action of contract to recover from the defendants for rent and for the fair value of use and occupancy of the plaintiff's roof for displaying advertising signs. The plaintiff presented eight requests for rulings, six of which involved in essence the plaintiff's contention that the continued occupancy of the premises by the defendants after the plaintiff notified them that the rent would be $200 a month created an implied contract to pay that sum. The judge did not rule on any of the requests but made the following findings: "I find as a fact that the plaintiff at the time she became the owner of the premises received an assignment of a lease, previously executed by and between the defendants and the former owner of the premises, which lease expired October 31, 1958. After said date the defendants became tenants at sufferance and were liable for the fair value for the use and occupancy of the roof for advertising display signs. I find for the plaintiff in the sum of $405." The plaintiff claimed to be aggrieved by the refusal of the judge to allow the six requests referred to above. A report to the Appellate Division was dismissed and the plaintiff appealed. The failure or refusal of the judge to act on the requests is tantamount to a denial of them. *DiPerrio* v. *Holden,* 341 Mass. 342. There was no error in the denial of the requests. The judge was not obliged to make a finding that there was an implied contract. He could and did find, however, that the defendants became tenants at sufferance. A new tenancy at will cannot be created without the consent of both parties. *Maguire* v. *Haddad,* 325 Mass. 590, 593.

*Joseph G. Kelly,* for the plaintiff.

*Albert W. Wunderly,* for the defendants.