CRESENCE E. BRUCE & others, trustees, *vs.* HARVARD
TRUST COMPANY, executor.

Middlesex.    May 14, 1973. — June 26, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Landlord and Tenant,* Termination of tenancy, Storage of property,
Tenancy at will. *Contract,* What constitutes.

A tenant at will, after termination of the tenancy, was not relieved of
liability to the landlords for storage charges on goods remaining on
the leased premises by sale of the goods to one whom the landlords did
not accept as a tenant. [375-376]

TWO ACTIONS OF CONTRACT.    Writs in the Third District
Court of Eastern Middlesex dated March 15, 1968, and
April 16, 1970.

The actions were heard by *Artesani,* J.

*Edward M. Viola* for the defendant.

*Earl S. Tyler* for the plaintiffs.

HALE, C.J.    These two actions in contract for the storage
of property on premises formerly rented by the plaintiffs to
the defendant were tried together on a statement of agreed
facts in the District Court. Findings for the defendant were
reported to the Appellate Division, which vacated the
findings for the defendant and ordered the entry of findings
for the plaintiffs for the "sums declared upon."[1] The
decisions and orders of the Appellate Division were ap-

---

[1] The declaration in the first action had annexed the following account: " 'A' 1.
Storage of personal property in premises at 15 Brattle Street, Cambridge,
Massachusetts, from October 20, 1964 to March 15, 1968 at $75.00 per
month    $2,987.50."

The declaration in the second action was in two counts to which were annexed
the following accounts: " 'A' 1. Storage of personal property in premises at 15
Brattle Street, Cambridge, Massachusetts, from March 16, 1968 to March 15,
1970 at $75.00 per month    $1,800.00. 'B' 1. Use and occupation of premises at 15
Brattle Street, Cambridge, Massachusetts, from March 16, 1968 to March 15,
1970 at $75.00 per month    $1,800.00."

pealed to the Supreme Judicial Court. The appeals were transferred to this court pursuant to the provisions of G. L. c. 211A, §§ 10 and 12.

We summarize the facts. The defendant is the executor of the will of one Peterson who, until his death in November of 1963, operated a business on premises at 15 Brattle Street, Cambridge, which he occupied as a tenant at will of the plaintiffs. The defendant, as such executor, became a tenant at will of those premises and paid the plaintiffs rent for the months of December, 1963 and January, 1964. On January 20, 1964, the defendant sold the Peterson business to one Kaufman. Included in that sale were the machinery and equipment which had been Peterson's personal property and had been used by him in his business. That machinery and equipment were stored in the premises at all times material to these actions. The plaintiffs gave notice of termination of the defendant's tenancy at will on March 31, 1964, effective as of April 30, 1964. On or about June 12, 1964, the plaintiffs locked the premises and so notified the defendant. The plaintiffs at no time waived or relinquished any rights against the defendant for the use of the premises or for storage charges. The defendant paid the plaintiff for use and occupancy to June 12, 1964, and for storage from that date to October 20, 1964. Rent at the rate of seventy-five dollars a month was paid by the defendant during the existence of the tenancy at will. Following that tenancy, use and occupancy and storage charges were paid by it at the same rate.

The sole question for our decision is whether the defendant was relieved of liability to the plaintiffs for charges for storage by the sale to a third party of its personal property, stored on the plaintiffs' premises without the consent of the plaintiffs or their acceptance of the third party as a tenant.

The parties are in accord with the principle that a tenant who does not remove his property from hired premises after his tenancy is terminated is liable to the owner for the expenses of storage. *Preston* v. *Neale,* 12 Gray 222, 223. *Taylor* v. *Dexter Engine Co.* 146 Mass. 613, 614-615. *Swift* v. *Boyd,* 202 Mass. 26, 28. See G. L. c. 186, § 3. Such use of

the premises for storage entitles the owner to compensation in the amount of the fair rental value of the premises of which he was deprived by such use. *Horton* v. *Cooley,* 135 Mass. 589.

The defendant takes the position that the plaintiffs must look to Kaufman, the purchaser of the property, and not the defendant for payment of the storage charges. In support of this position it relies on *Field* v. *Roosa,* 159 Mass. 128. The facts in the *Field* case are somewhat similar to those in the present case. In that case Field, the owner of the premises, had taken possession against the lessee who had sold goods, sited on the demised premises, to Roosa, who had kept them on the premises but had not thereafter become a tenant of Field. Unlike the present case the *Field* case was a suit in equity to reach and apply one Page's interest in a mortgage placed by Roosa on the goods to satisfy a claim for storage against Page. The decision turned on the lack of privity between Field and Page, and the bill was dismissed. In its decision the court observed "[i]f the plaintiff is entitled to recover of Roosa reasonable compensation for storage, as the master finds he is, he should have brought his action at law against Roosa . . .." 159 Mass. at 130. That was not a determination of Roosa's liability for storage. The defendant's reliance on this part of the decision as the basis for his contention that the plaintiffs, in the present case, must look to Kaufman for payment and not to the defendant is misplaced. The *Field* case is authority for the proposition that the plaintiffs could not recover from Kaufman if there was no privity of contract between them. 159 Mass. at 131. The plaintiffs did not accept Kaufman as a tenant. A tenancy at will cannot be created without the consent of both parties. See *Maguire* v. *Haddad,* 325 Mass. 590, 593; *Iorio* v. *Donnelly,* 343 Mass. 772. "[A]n inherent quality of an estate at will is that it is personal . . . and neither party can pass his interest therein by assignment." *Ferrigno* v. *O'Connell,* 315 Mass. 536, 537.

There is nothing in the statement of agreed facts as to the fair rental value of the premises in which the property was stored, nor was there any finding to that effect. The prior

rental of $75 per month was not necessarily the fair rental value. See *Lowell Housing Authority* v. *Save-Mor Furniture Stores, Inc.* 346 Mass. 426, 431. In each case the order of the Appellate Division vacating the finding for the defendant is affirmed. The order that a finding be entered for the plaintiffs in the sums declared upon is reversed, and each case is to stand for further proceedings to determine the amount of damages.

*So ordered.*