Gershengorn, J.
This case comes before the court on a motion in limine for clarification of damages. The case involves a dispute between the plaintiff, the First Republic Corporation of America (First Republic) and Baybank Middlesex (Baybank). This dispute arose when Baybank failed to remove collateral from a building owned by First Republic (the property or the premises). As a result, First Republic could not rent the property. Liability has already been determined.[1] First Republic seeks clarification of the court’s ruling on cross-motions for summary judgment.[2] First Republic asks the court to clarify its Decision as to the proper measure of damages and to schedule a hearing on this manner if necessary.
For the following reasons, the court holds that the fair and reasonable value of damages incurred by First Republic for storing Baybank’s collateral is the fair rental value of the building minus the standard storage rate per square foot of the non-Baybank collateral located on the property. A factual hearing is hereby ordered to ascertain the standard storage rate per square foot. In addition, First Republic’s damages may be further reduced if it is determined at the factual hearing that First Republic failed to take reasonable steps to mitigate damages.
BACKGROUND
From 1984 through October of 1987, First Republic owned the property located at 221-225 Crescent Street in Waltham, Massachusetts and rented the property to Waltham Precision Instruments (WPI). WPI owned and leased equipment and machinery. WPI borrowed money from Baybank. To secure their loan Baybank acquired a security interest in WPI’s accounts, books, records, inventory and equipment. In 1987, WPI defaulted on the Baybank loan. In October of 1987, First Republic evicted WPI for nonpayment of rent. WPI vacated the premises but left behind numerous pieces of heavy equipment in which Baybank held a security interest (the collateral). WPI also left behind a 10’ X15’ piece of machinery that was not subject to a security interest of Baybank. Involuntary bankruptcy proceedings were initiated and WPI was eventually deemed bankrupt. Baybank released WPI from its lien in order to consummate the sale of the collateral. In exchange for $30,000, First Republic released WPI from any claims for rent, use and occupation of the property from October of 1987 through March of 1988.
Between October of 1987 and March of 1988, Baybank obtained an estimate for the cost of removing the collateral. The estimated cost of removal, however, was between $177,000 and $200,000. Due to the expense, Baybank decided not to remove their collateral from First Republic’s property. Baybank also failed to compensate First Republic for the use of the property. Because of Baybank’s failure to remove the heavy machinery, First Republic was unable to rent out the property. First Republic then brought this action to recover damages caused by Baybank’s failure to either remove the collateral or to pay compensation for the use of the premises.
On February 19, 1993, Superior Court Justice Sandra L. Hamlin held that Baybank acted unreasonably in failing to either remove their collateral from the property or to compensate First Republic. However, Justice Hamlin declined to immediately accept First Republic’s claim that the cost of rent from October 1987 through February 1988, was the appropriate measure of damages. No conclusive evidence had been presented to the court regarding the size of the machinery in which Baybank had a security interest, how much space the machinery occupied on the premises, or what the standard storage rate was per square foot. In addition, Justice Hamlin noted that a large piece of machinery measuring approximately 10’ x 15’ and not subject to Baybank’s security interest also remained on the property. Therefore, the failure of First Republic to rent the property was not solely due to Baybank’s failure to remove their collateral. To reconcile these issues, Justice Hamlin ordered a separate hearing in order to establish the fair and reasonable cost of storing Baybank’s collateral from October 26, 1987 through February 29, 1988.
In support of their motion in limine First Republic has submitted affidavits apparently in response to Justice Hamlin’s concern that First Republic failed to offer evidence as to the size of the Baybank collateral and the degree to which the collateral occupied the property. First Republic has provided the court with affidavit testimony indicating that the commercial property consists of 69,175 square feet and, in October of 1987, was leased for $986.30 per day. First Republic asserts that the heavy machinery in which Baybank held a security interest was located through *482 out the property. This fact is undisputed by Baybank. First Republic alleges that Baybank’s failure to remove their collateral prevented First Republic from renting out the property, nor any rentable portion, to prospective tenants. First Republic argues that the occupation of the property by Baybank’s collateral deprived First Republic of rents from October of 1987 through March of 1988.
DISCUSSION
Justice Hamlin refused to award First Republic the fair rental value of the property because First Republic failed to present conclusive evidence regarding tbe size of the collateral, failed to specify the amount of space the collateral occupied, and failed to estimate the standard cost of storage per square foot. Justice Hamlin was also concerned that the non-Baybank collateral was a substantial portion of the overall value of the equipment present. However, First Republic has set forth uncontro-verted evidence establishing that the occupation of the property by Baybank’s collateral was virtually exclusive. In addition, the 150 square feet of the property occupied by the non-Baybank collateral is virtually de minimis in comparison to the approximately 69,000 square feet of space which was occupied by Baybank’s collateral. It is widely accepted that a tenant who does not remove his property from a rented property after his tenancy has terminated is liable to the owner for the expense of storage. Bruce v. Harvard Trust Company, 1 Mass.App.Ct. 373, 374 (1973). Often, the appropriate measure of damages is the standard rate of storage per square foot. See Elliot v. Villa Park Trust & Savings Bank, 63 Ill.App.3d 714, 716 (1978) (damages in amount of rate of storage per square is appropriate where collateral occupied ½ of the premises). However, where the occupation is virtually exclusive, the proper measure of damages is the full rental value of the occupied property. See Bruce v. Harvard Trust Company, 1 Mass.App.Ct. 373, 375 (1973) (use of premises for storage entitles owner to rental value); Horton v. Cooley, 135 Mass. 589, 590 (1883) (plaintiff is entitled to the fair rental for all premises of which defendant’s occupation necessarily deprived him); Fassett v. Deschutes Enterprises, Inc., 686 P.2d 1034, 1038 (Or.App. 1984) (plaintiffs entitled to fair market rental value of property where presence of defendant’s collateral prevented rental of the property).
First Republic, however, still has not presented enough evidence to completely resolve the issue of damages. First Republic’s assertion that the Baybank collateral was located throughout the property is undisputed. It also appears certain that removal of all collateral would not be simple nor inexpensive. However, First Republic has a duty to attempt to mitigate their damages in good faith. See Gillentine v. McKeand, 426 F.2d 717 (1st Cir. 1970) (plaintiff cannot recover damages which were foreseeable and which could have been avoided by the expenditure of reasonable effort). No evidence has been offered on the issue of mitigation of damages. It may be possible that First Republic could have removed part of the Baybank collateral, at a reasonable cost, in order to rent out at least a portion of the property. On the other hand, it may be possible that the cost of removal was so great as to make any attempt unreasonable. This factual determination remains for a damages hearing.
In addition, a large piece of machinery, approximately 10’ X 15’ located on the property is not the collateral of Baybank. Therefore, Baybank alone was not the sole cause of First Republic’s inability to rent the building. A determination of damages due First Republic must reflect the fact that Baybank was not the sole cause of harm. This determination could be simply made by subtracting the cost of storage per square foot of the non-Baybank machinery from the total rental value of the property. However, neither party has provided the court with an estimate of the standard storage rate per foot. This simple computation also remains for assessment at a damages hearing.
CONCLUSION
The Premises owned by First Republic were occupied almost exclusively by the collateral of Baybank. This fact is uncontroverted. Due to the extent of Baybank’s occupation, First Republic is entitled to the fair rental value of their building. First Republic has introduced evidence indicating that the fair rental value of the property was $986.30 per day. Justice Hamlin ruled that Baybank was liable to First Republic for damages from October 26, 1987 through Feb-ruaiy 29, 1988. First Republic’s estimate of the fair rental value of the property is uncontested. A computation of First Republic’s damages can be simply determined by multiplying the daily rental value by the number of days in which Baybank’s collateral occupied the properly. This damages figure must be reduced by two factors which will be the subject of a damages hearing. First, it is necessary to determine the storage rate per square foot in order to subtract the cost of storing the non-Baybank collateral on the property. Second, First Republic bears the burden to demonstrate that attempts to mitigate damages were either made or were unreasonable.
ORDER
For the foregoing reasons it is hereby ORDERED that a hearing be scheduled to determine the amount of damages due First Republic from Baybank.

 On February 19, 1993, Superior Court Justice Sandra L. Hamlin ruled that Baybank was liable to First Republic for damages.

 Clarifying another judge's opinion is fraught with danger and with the permission of my colleague, I will treat this as a motion for the measure of damages.