Brassard, J.
Plaintiff Frank P. Kusy (Kusy) brought this action against defendant Louise Fogwell (Fogwell) and Robert Fogwell (Robert). Kusy was allegedly injured when he fell through a hole cut by Robert in the roof of a house owned by Fogwell. Fogwell has moved for summary judgment, contending that she owed no duty to Kusy and therefore Kusy’s claim must fail as a matter of law. For the following reasons, Fogwell’s motion for summary judgment is DENIED.
BACKGROUND
Kusy was injured on or about November 21, 1991, when he fell through a hole in the roof of a house located on property at 638 Oxford Street, Auburn, Massachusetts (the Property). Fogwell was the owner of the Property, but did not reside there in November, 1991. Fogwell paid the properly taxes, utilities, insurance and mortgage. Robert, Fogwell’s son, lived in the house located on the Property at the time of Kusy’s injury.
At the time of Kusy’s accident, Robert was in the midst of renovating the Property. Fogwell had granted Robert the permission to undertake the renovations. Nevertheless, Fogwell maintained ownership of the Property throughout the period of construction including the date of the accident.
As a result of his injuries, Kusy sued both Robert and Fogwell for negligence in failing to warn him of the dangerous, hazardous and/or defective condition of the roof and failing to maintain the premises in a reasonably safe condition.
DISCUSSION
Fogwell has moved for summary judgment asserting a lack of duty owed by herself to Kusy. With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, the moving party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991).
Fogwell contends that she did not owe a duty to Kusy because she did not exercise the requisite control over the renovations being made by Robert upon the Property which she owned. The primary support offered for her position is Corsetti v. Stone Co., 396 Mass. 1, 10 (1985), in which it was held that a general contractor is responsible for the work of an independent contractor only to the extent that the general contractor has maintained control over any part of the independent contractor’s work. The case at bar is distinguishable from CorsettL[2] This is not a case of a general contractor being sued by an employee of a subcontractor, but rather this case involves a situation in which a tenant,[3] Robert, undertook renovations of a house owned by Fogwell, the landlord, resulting in the injury to a visitor to the Property.
As a landlord, Fogwell “must [have] exercise[d] reasonable care not to subject [visitors such as Kusy] to unreasonable risk of harm. [Fogwell] must [have] act[ed] as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk.” Young v. Garwicki 380 Mass. 162, 169 (1980), quoting Sargent v. Ross, 113 N.H. 388, 397-98 (1973). See Lindsey v. Massios, 372 Mass. 79, 80-82 (1977).
Massachusetts law does not support limiting a landlord’s negligence liability solely to areas under her control. Young, 380 Mass. at 170. Although matters of control can affect such questions as the reasonableness and foreseeability of particular actions, a landlord may not escape liability merely by surrendering control over renovations to her property made by her tenant. See id. This “basic principle of responsibility for landlords . . . best expresses the principles of justice and reasonableness upon which our law of torts is founded.” Id. at 169, quoting Sargent v. Ross, 113 N.H. at 398. Whether the care exercised by Fogwell was reasonable under the circumstances is not properly determined on summary judgment and therefore Fogwell’s motion is DENIED. See Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994).
ORDER
For the foregoing reasons, Defendants’ Motion for Summary Judgment is DENIED.

Defendant also offers Santos v. Bettencourt, No. 94-P-300 (Mass.App.Ct. Jan. 20, 1995), in support of her argument. This case does not control the court’s decision. First, Santos involved a suit by an employee of an independent contractor against the homeowner. Second, the grant of summary judgment in Santos, decided by the Court of Appeals under Rule 1:28, was not based on the principle that the defendant homeowner’s lack of control over the renovations immunizes *706 him from suit. Rather, the decision rested upon the insufficient affidavit of the plaintiff, which was not based on first hand knowledge and the absence of further proof in support of the plaintiffs claim. In this case, Fogwell admits to knowing that work was being performed upon her property. The extent of knowledge that a reasonable landlord should possess with respect to work being done on her property is a material issue of fact in dispute, an issue found not addressed in Santos.

The status of Robert is somewhat unclear. At minimum, Robert is a tenant at will, Iorio v. Donnelly, 343 Mass. 772 (1961). In the materials before the court, it is undisputed that Robert is an occupant of real estate with the express oral permission of the owner for an indefinite period of time.