## THOMAS LEAVY *vs.* JOHN KINSELLA.

*A* sold and delivered a number of swine to *B* on credit, and *B* on the next day, claiming to have rescinded the contract, returned them into the possession of *A*, without his knowledge or consent, and refused to receive them back when required to do so by *A*. Whereupon *A* brought an action against *B* for goods sold and delivered, to recover the price of the swine, and obtained judgment. In trover by *B* against *A*, it was held that *A*, by bringing suit for the price of the swine, had lost his lien upon them as vendor, but that by their return to him by *B* he was made a bailee by compulsion, with the duty of incurring expense in feeding and caring for them, and that as such bailee he had a particular lien upon them for such expense.

TROVER for two pigs; appealed from the judgment of a justice of the peace to the Court of Common Pleas, and tried on the general issue, with notice, closed to the jury, before *Brewster, J.*

The plaintiff bought of the defendant on Tuesday, July 11th, 1871, the two pigs in question, and agreed to pay him therefor $11 on delivery, and afterward, on the same day, the plaintiff and his wife selected and took away the two pigs, but not having the money then, the plaintiff promised to pay for them that week, but did not then pay for them, nor has payment for them since been made to the defendant. On the next day the plaintiff, learning that he could buy pigs cheaper, so informed the defendant's wife, and that he should bring

the two pigs back, and would not keep them any way, when she replied that he had bought them and must pay for them. Thereafter, on the same day, the plaintiff returned the pigs to the defendant's pen in his absence, and as soon as the defendant learned of this return he gave notice to the plaintiff that he must take them away, which the plaintiff refused to do or to pay for them. Thereupon the defendant sued the plaintiff in assumpsit on the common counts for goods sold and delivered, and on the 15th of August, 1871, recovered judgment against him for the price of the pigs and costs, which judgment has never been paid. On the 18th of August, 1871, the plaintiff, on learning of such decision and judgment, made a demand on the defendant's wife and on the defendant for the pigs, and both refused to give them up ; the defendant claiming he had a right to their possession until the plaintiff had paid for them and their keeping, and thereupon this action of trover was brought. Both parties lived within the limits of the city of Bridgeport, and there is the following ordinance of said city :

" Sec. 6. Every person who shall knowingly permit or allow any animal mentioned in section second of this ordinance, owned by him, or of which he has the care and custody, to be upon any street, highway, common, or public park within the limits of said city, in violation of any provision of said section, shall forfeit and pay to said city for each offence a fine not less than ten nor more than twenty-five dollars, at the discretion of the court having cognizance of the offence."

" Sec. 2. No cattle, horses, mules, asses, sheep, goats, or swine, shall roam at large, or pasture, or graze upon any street, highway, common, or public park, within the limits of said city, either with or without a keeper."

On the foregoing facts the defendant claimed and asked the court to charge the jury, that the plaintiff must prove a right to the possession of the property, and the court so charged, and added that, if the defendant had a lawful right to detain the property at the time in question, he was not liable, which right it was admitted depended on the questions of lien arising in the case.

And the defendant further claimed and asked the court to charge the jury, that if the plaintiff did not consider the purchase binding, and after delivery to him returned the pigs, and put them in possession of the defendant without his consent, his lien as a vendor was restored to him, and was good until the pigs were paid for, because the plaintiff had himself repudiated the sale. But the court did not so charge, but charged that after a sale and delivery of the pigs, and a repudiation of their return by an action for goods sold and delivered, and a judgment thereon for the value of the pigs, the vendor's lien was gone.

And the defendant further claimed and asked the court to charge the jury, that on the undisputed facts of the case the defendant had a particular lien for the keeping of the pigs after their return, and that the law looks with favor on particular liens. But the court did not so charge, but charged that while the law was liberal in regard to liens when established, and looked with favor on particular liens, courts were not disposed to extend the right of lien to classes of cases not recognized in law, and that farmers, not being allowed to retain horses, oxen, cows, or the like, for their keeping, the same rule would apply to the animals in question, and the defendant was not authorized, after demand by the plaintiff, to retain the pigs for their keeping, as claimed by the defendant.

The defendant further claimed and asked the court to charge the jury, that taking all the undisputed facts of the case together with the city ordinance and state law, the law would imply that the defendant had a particular lien on the pigs, created by the necessity and justice of the case for the public good, and he had the right of detaining them in his possession until reasonably compensated therefor. But the court refused so to charge.

The jury returned a verdict for the plaintiff to recover of the defendant $12.00, and the defendant moved for a new trial for error in the charge of the court.

*Bullock* and *Thompson*, in support of the motion.

*G. H. Hollister,* contra.

SEYMOUR, J. The questions of law in this case are so distinctly stated in the motion for new trial that they need not be recapitulated here. We think the charge of the judge to the jury in regard to the vendor's lien was correct, but was wrong in regard to the defendant's lien for keeping.

The parties differing as to the ownership of the pigs, the plaintiff insists that, pending the dispute, the defendant shall keep them, and he places the property in such condition that the defendant must keep them and feed them, or allow them to suffer.• The plaintiff supposed he had a right to return the property, but it turns out he had no such right. The defendant was placed by the ,plaintiff's act in such a condition that he was compelled to care for and feed the plaintiff's animals. The defendant is made a bailee, with the duty of incurring expense, not by his own choice, but by compulsion. Upon these circumstances the plaintiff was liable upon an implied assumpsit to pay the expense of keeping. The keeping is by the plaintiff's request, clearly implied, if not express.

Now in general all bailees for hire have a lien on the thing bailed for the amount of their compensation, and common carriers and innkeepers have peculiar claims to their liens, because they cannot refuse to incur the expense cast upon them by their customers. And here the defendant may ground his right to a lien upon similar principles of justice and equity. The defendant cannot be regarded as a volunteer. All the circumstances show that he could not do otherwise than he did. It would have been of no use for him.to attempt to return the pigs to the plaintiff, and he was under no obligation to incur the expense and hazard of such an attempt. It was urged by the plaintiff that the finder of goods has at common law no lien for expenses. incurred by him upon the goods found, however needful and however beneficial to the owner, but that case is put by Chief Justice EYRE, in *Nicholson* v. *Chapman,* 2 H. Black., 254, upon the ground " that the finder voluntarily puts himself to the trouble and expense to preserve the thing found, &c." The distinction between the case before

us and that of a mere finder is obvious, and the denial of a lien to the finder rests upon reasoning which supports and confirms the lien of the defendant.

We therefore advise a new trial.

In this opinion the other judges concurred, except CARPEN- TER, J., who was absent.