FRANK A. GOELL vs. RICHARD MORSE & another.

Essex.   Jan. 3. — April 8, 1879.   COLT & ENDICOTT, JJ., absent.

If two persons buy a horse, each paying one half of the purchase money, under an agreement that either of them having possession of the horse shall provide for his keeping, without cost to the other, and that each shall offer the horse for sale and endeavor to procure a purchaser at a profit over his cost, but that neither shall sell the horse without the concurrence of the other, they are tenants in common of the horse, and not partners; and if a person who is neither an innkeeper nor a livery-stable keeper, with whom the horse has been placed by one part-owner, sells the horse, by authority of the latter, and without the knowledge or consent of the other owner, retaining out of the proceeds, of the sale the cost of keeping the horse, paying the balance to the owner who authorized the sale, and not accounting to the other owner, and with no reservation of his half interest in the horse, it is a conversion of the latter's interest, for which an action will lie against both wrongdoers.

TORT against Richard Morse and Charles J. Willis for the conversion of one half of a horse, with a count in contract for money had and received.   Writ dated February 18, 1875.   Answer, a general denial.   Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found the following facts:

The defendant Willis, before purchasing the horse in question, informed the plaintiff that the horse was for sale for $350, and proposed that the plaintiff should join him in the purchase of the horse on speculation, and, after seeing the horse, the plaintiff agreed to do so.   Thereupon Willis purchased the horse on January 11, 1873, and the plaintiff gave Willis $150, and received a receipt therefor.   The plaintiff and Willis then agreed that either of them, having possession of the horse, should provide for his keeping, without cost to the other, and that each should offer him for sale and endeavor to procure a purchaser at a profit over his cost, but that neither should sell the horse without the concurrence of the other.   Under this agreement, the horse was sometimes in the plaintiff's possession and sometimes in Willis's possession, was advertised and exhibited for sale by them severally, and kept at the cost of each, as he happened to have possession of him.   On or about November 7, 1875, the horse, having been placed by Willis in the stable of the defendant Morse in July previous, and the cost of his keeping having become large and beyond the ability of Willis to pay, was sold by Morse by

authority of Willis for $375, out of which Morse retained the cost of the horse's keeping, and paid the balance, in furniture and cash, to Willis. No part of the proceeds of such sale was paid to the plaintiff, or accounted for to him, and the sale was made without the knowledge or consent of the plaintiff, and without any reservation as to his half interest in the horse. After the sale, and before bringing this action, the plaintiff demanded the horse of Morse, and Morse refused to deliver him. Willis, while he had possession of the horse, expended in his subsistence, shoeing and care, and in advertisements offering him for sale, a sum exceeding the gross proceeds of the sale, and his market value, exclusive of the charges of Morse, who was not, when keeping the horse, an innkeeper or livery-stable keeper, but was a teamster, and kept the horse in a stable with the horses used by him as a teamster.

The defendants asked the judge to rule as follows: "1. Upon the facts, the plaintiff cannot maintain trover against either of the defendants. 2. The facts disclose a partnership between the plaintiff and Willis, to own and hold the horse on joint account for the purpose of speculation, and the plaintiff cannot maintain a count in contract against Willis, without an allegation that the partnership matters had been closed up and an ascertained balance found due. 3. The plaintiff, upon the facts, cannot maintain a count in contract against the defendants jointly, nor against Willis separately. 4. Upon all the facts, the plaintiff cannot, as matter of law, recover upon either count against either defendant."

The judge refused so to rule; found for the plaintiff; and ordered judgment for him for $157.33, being one half of the price for which the horse was sold, with interest from the date of the sale. The defendants alleged exceptions.

C. Sewall, for the defendants.

S. Lincoln, Jr., for the plaintiff.

LORD, J. There can be no doubt of the correctness of the ruling of the Chief Justice of the Superior Court. The plaintiff and Willis were the owners as tenants in common of the horse. The facts show conclusively that the transaction did not constitute a partnership, in reference to the title to the horse. The mode of using and the expense of keeping are conclusive upon

# 482

this point. Being thus tenants in common, neither party had any lien upon the share of the other for expenses incurred, either for labor done upon the horse as by shoeing, or for advertising him for sale, and Morse had no lien upon him for the keeping. *Goodrich* v. *Willard*, 7 Gray, 183. Even if there had been a lien, no steps had been taken to enforce it. The facts find an express agreement that "neither party should sell the horse without the concurrence of the other." The sale by Morse by the authority of Willis was a conversion of the part of the horse owned by the plaintiff. The sale was by the concurrent action of both defendants, and was in itself a conversion without the subsequent demand which was proved.

*Exceptions overruled*