HORACE B. TAYLOR *vs.* DEXTER ENGINE COMPANY.

Suffolk. March 8, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Pleading — Declaration — Bill of Particulars — Implied Promise — Storage.*

A declaration for use and occupation, according to a bill of particulars for the "use of store basement" between certain dates, was amended so as to read "for warehouse room furnished by the plaintiff for the storage of an engine, the property of the defendant," according to the same bill. *Held,* that the amended declaration and the bill of particulars were sufficient.

If a lessor, who takes possession of the leased premises upon the tenant's failure to pay rent, notifies the owner of an engine put in for the tenant's use, that, if he does not remove it, he will charge him for each day it continues to remain there, a promise on such owner's part to pay storage for the time thereafter elapsing may be implied.

CONTRACT. The original declaration was for use and occupation of certain premises, according to an account annexed, the several items of which were for the " use of store basement, corner of Hartford and Wendell Streets," in Boston, between dates specified. The plaintiff filed an amended declaration " for warehouse room furnished by the plaintiff for the storage of an engine, the property of the defendant," according to the same account annexed. Trial in the Superior Court, without a jury, before *Thompson*, J., who found for the plaintiff, and made a report of the case, of which the pleadings were a part, for the determination of this court. The facts appear in the opinion.

*C. W. Bartlett*, for the defendant.

*Sherman Hoar & S. D. Charles*, for the plaintiff, were not called upon.

C. ALLEN, J. By the amended declaration, the plaintiff sought to recover " for warehouse room furnished by the plaintiff for the storage of an engine, the property of the defendant." This is according to the form contained in the schedule of forms appended to § 94 of the Pub. Sts. c. 167. At the outset, the engine had been lawfully put into the basement of the plaintiff's building, but, upon a failure of the tenant of the premises to pay rent, the plaintiff took possession, and notified the defendant corporation that, if it did not remove the engine, he should make a certain charge to the defendant for every day it remained there. The engine was left there awhile longer. At the trial, which was without a jury, and which resulted in a finding for the plaintiff, the defendant contended that the plaintiff was not entitled to recover, under the pleadings; and at the argument in this court the defendant supports this contention, on the ground that the bill of particulars, which is for the " use of store basement," is descriptive of a claim for use and occupation. It is true that the bill of particulars would be good under the original count for use and occupation ; but it is equally good under the amended count. The defendant now further contends that the facts stated in the judge's report of the case were insufficient to support this count. But no such question appears to have been taken at the trial, and the report is not made with reference to any such question. Besides, we think the facts are sufficient, even as stated, and a promise to pay for storage might

fairly be implied from them. 2 Greenl. Ev. § 108. *Horton* v. *Cooley*, 135 Mass. 589. It is suggested that the defendant might have intended to abandon the engine to the plaintiff, instead of paying for the storage. But the judge might properly find the contrary. It is to be inferred that the defendant finally removed it. No error appears in the finding for the plaintiff.

*Judgment on the finding.*