ALUMINUM PRODUCTS COMPANY *vs.* REGAL APPAREL CO.

Suffolk.    October 6, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Sale,* Parties, What constitutes. *Practice, Civil,* Appellate division: appeal. *Contract,* What constitutes, Implied. *Agency,* Scope of authority. *Payment. Notice.*

A report to the Appellate Division by a judge of a district court, who had found for the plaintiff in an action of contract, set out in numbered paragraphs requests by the defendant for rulings; a statement that the judge denied the requests "and found the following facts as applied" to them, after which were set out findings in paragraphs numbered to correspond to the numbers of the requests. It was stated in the report that it contained "all the evidence material to the questions reported," and that the defendant claimed "to be aggrieved by the rulings and refusals to rule as requested." *Held,* that it was not open to the defendant to contend that some of the reported findings by the judge in the numbered paragraphs were not warranted by the evidence reported.

A finding for the plaintiff in an action for goods sold and delivered was warranted by a subsidiary finding that, after the defendant had ordered the goods of a third person and had paid him for them, he having no authority from the plaintiff to accept such payment, the plaintiff shipped the goods to the defendant accompanied by a bill for them, and the defendant received and accepted them.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 4, 1935.

The action was heard by *Adlow,* J., who found for the plaintiff in the sum of $131.81. A report to the Appellate Division was ordered dismissed. The defendant appealed.

The evidence recited in the report to the Appellate Division, and stated to be "all the evidence material to the questions reported," was as follows: That "the defendant purchased the merchandise set out in the plaintiff's declaration

from one Opp on July 14, 1934; that the defendant paid said Opp for said merchandise . . .; that the defendant at various times purchased merchandise similar to that set out in the plaintiff's declaration from the said Opp and that the defendant paid cash for same; that the defendant had never transacted business with the plaintiff; that the defendant never knew or was acquainted with the plaintiff before he received a bill for said merchandise; that the plaintiff received the order for said merchandise from the said Opp on July 27, 1934; that the plaintiff shipped the merchandise on August 2, 1934, with a bill for same; that on September 6, 1934, the plaintiff was advised by the defendant that payment had been made to the said Opp; that upon the receipt of said advice the plaintiff advised the defendant that the said Opp was merely a salesman and had no authority to collect payment for said merchandise; that the plaintiff employed the said Opp as its salesman from July, 1932, to September, 1934; that at the said Opp's request it shipped the merchandise in question to the defendant; that the defendant believed he was purchasing said merchandise from the said Opp and not from the plaintiff; that the first time that the defendant became aware of the plaintiff's connection with this case was upon the receipt of a statement from the plaintiff on September 2, 1934; that the plaintiff received the order for said merchandise from Opp and received no order from the defendant; that the order received by the plaintiff from the said Opp was a written order upon the heading of which appeared the name of 'R. D. Opp' and his address; that the terms designated in said order were '5% net cash'; that the plaintiff upon occasion sold its merchandise direct to Opp; that the plaintiff first became acquainted with the defendant on July 27, 1934, when it received the order from the said Opp; that the plaintiff had never carried on any business with the defendant other than that alleged in its declaration; that the plaintiff attempted to collect for its merchandise from the said Opp after being advised by the defendant that payment had been made to said Opp."

The defendant made the following requests for rulings:

"1. That upon all the evidence the plaintiff is not entitled to recover because there was no privity of contract between the plaintiff and the defendant.

"2. That where the property of an undisclosed principal is sold to another through an agent of the undisclosed principal, the purchaser although bound to pay the principal, may set off from the amount due, any equities of the purchaser against the agent at the time of the disclosure of the principal.

"3. If the court finds that the defendant dealt solely with the agent who acted in his own behalf then the plaintiff cannot recover.

"4. If the court finds that the agent acted for the principal in this particular transaction and that payment was made by the defendant to the agent, then the plaintiff cannot recover because there is no evidence to show that the agent had no authority to collect for the principal.

"5. If the court finds that the merchandise alleged in the plaintiff's declaration was purchased by the defendant from the plaintiff through the plaintiff's agent and that the defendant paid for said merchandise to the agent before discovering that he was dealing with the agent's principal, then the plaintiff cannot recover."

The report states: "The court denied the defendant's requests for rulings and found the following facts as applied to the defendant's requests for rulings:" and then followed in numbered paragraphs the findings set out in the opinion. The closing sentence of the report was as follows: "The defendant claiming to be aggrieved by the rulings and refusals to rule as requested, I hereby report the same to the Appellate Division for determination."

*N. Shapiro*, for the defendant.

*L. S. Blackstone*, for the plaintiff.

RUGG, C.J. This is an action of contract wherein the plaintiff seeks to recover the price of goods, wares and merchandise sold and delivered to the defendant. The answer is a general denial and an allegation of payment. The case was tried in the Municipal Court of the City of

Boston. The report of the trial judge states that it "contains all the evidence material to the questions reported." The only questions reported are "the rulings and refusals to rule as requested." The defendant made five "requests for rulings," all of which were refused. It is not necessary to recite those requests.

The contention of the defendant is that it ordered the goods, wares and merchandise described in the declaration from one Opp, dealing with him as principal, and paid for them at the time of the order. Opp sent the order to the plaintiff, which shipped the goods direct to the defendant "with a bill for same" on August 2, 1934. A month later a statement was sent by the plaintiff to the defendant. It does not appear when the goods reached the defendant. The trial judge found in numbered paragraphs "the following facts as applied to the defendant's requests for rulings:" (1) "that the defendant retained goods after receiving a bill for same. (2) . . . that the plaintiff was not an undisclosed principal. Defendant knew that Opp was acting for the plaintiff. (3) . . . that the defendant did not deal solely with the agent who acted in his own behalf. (4) . . . that there is no evidence that the agent had authority to do anything except take orders. (5) . . . that the payment made to Opp was for goods supposedly belonging to Opp and not to the plaintiff. More than two weeks after Opp was paid cash plaintiff shipped goods with a bill. Defendant accepted the goods knowing that a bill accompanied them."

The defendant argues that some of the special findings made by the trial judge are not supported by the evidence. That question is not reported. Hence, it is not open to the defendant and cannot be considered. *Reid* v. *Doherty*, 273 Mass. 388. *Segal* v. *Allied Mutuals Liability Ins. Co.* 285 Mass. 106, 109. *Spencer* v. *Burakiewicz*, 288 Mass. 83, 85. Moreover, there is no statement that the evidence bearing on those findings is reported.

The finding that the defendant accepted the goods knowing that a bill accompanied them warranted the decision of

the trial judge in favor of the plaintiff. The defendant could not receive and keep the goods of the plaintiff as the goods of Opp delivered in performance of Opp's contract, except on the terms of the plaintiff, one of which, disclosed on the face of the report, was that they had not been, but were to be, paid for. *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194.

The plaintiff is not suing on the contract made by Opp with the defendant, but on the obligation to pay which arose when the defendant took and kept the goods of the plaintiff knowing that it expected pay for them from the defendant. The defendant cannot prove payment of that obligation by showing payment to Opp. According to the finding of the trial judge, Opp had no authority except to take orders. That carried no implication of authority to accept payment for goods sold by him. *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 330.

The evidence does not require a finding that as between Opp and the defendant there was a contract of sale, or anything more than an agency on the part of Opp to sell goods for the plaintiff. *Foster* v. *Graham*, 166 Mass. 202. *Darling-Singer Lumber Co.* v. *Commonwealth*, 290 Mass. 488. *Butwick* v. *Grant*, [1924] 2 K. B. 483. The tender of the goods by the plaintiff to the defendant with a bill in its own name was notice to the defendant that the plaintiff had not accepted the order as given to Opp, and was not assuming to act as principal in an existing contract but was making a counter offer. The evidence justified a finding that this counter offer was accepted by the defendant. There was no error of law in dealing with the questions reported.

*Order dismissing report affirmed.*