PHILIP FLESHER *vs.* BESSIE HANDLER.

BESSIE HANDLER *vs.* PHILIP FLESHER.

Middlesex.    October 4, 1938. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Lien.   Sale,* Seller's lien.   *Sales Act.   Contract,* What constitutes.

A seller of goods which were fully paid for but were to be delivered later,
    after demanding of the buyer, who unsuccessfully attempted to
    rescind the sale, that he receive the goods and notifying him that
    otherwise they would be subjected to a storage charge, had a lien
    on the goods under the provisions of G. L. (Ter. Ed.) c. 106, §§ 40,
    42 (1) (a), 43, for unpaid storage charges thereafter accruing.

PETITION, filed in the First District Court of Eastern
Middlesex on February 10, 1934, for establishment of a
lien for storage of goods; also an action of

TORT, by the respondent in the petition against the
petitioner therein.  Writ in the Superior Court dated March
1, 1934.

The cases were heard together in the Superior Court by
*Beaudreau,* J.

*S. Sigilman,* for Handler, submitted a brief.

*L. Hammer,* for Flesher.

LUMMUS, J.  On January 19, 1933, Handler bought
furniture from Flesher for cash, to be delivered later.
Handler without good reason repudiated and attempted to
rescind the purchase, and unsuccessfully tried to get her
money back in an action in which judgment in favor of
Flesher as defendant was rendered on February 2, 1934.*
On February 12, 1934, Handler made demand for the

---

* The writ in that action was dated October 11, 1933. — REPORTER.

furniture, but Flesher refused to deliver it, claiming a lien for the storage of it.  Handler then brought an action for conversion, and Flesher brought a petition under G. L. (Ter. Ed.) c. 255, §§ 26–29, to enforce a lien for storage from July 1, 1933, at the rate of five dollars a month.  These proceedings came to trial in the Superior Court before a judge without a jury.  He ordered that the lien claimed be enforced, and found for the defendant Flesher in the action for conversion.  Handler alleged exceptions.

There was evidence that while Handler was seeking and Flesher was resisting a rescission of the sale, Flesher tried to get her to receive the goods but she refused, and that in the spring of 1933 he wrote her that unless she would receive the goods five dollars a month would be charged as storage beginning July 1, 1933.  This was followed by another letter on September 20, 1933, stating, "We are holding the articles you bought, and to which title passed to you, subject to our claim for storage, as in a letter sent to you sometime ago."  There was no evidence that she ever expressly agreed to pay storage.

For Flesher to prevail, he had to prove, at least in his petition to enforce the lien, that Handler owed him for storage, and that he had a lien therefor.  The decision was in these words: "I find and rule that the title to the furniture passed to . . . [Handler] on January 19, 1933 and that . . . [Flesher] is entitled to a lien in accordance with his petition."  The common formula "find and rule," though not well chosen, has been interpreted so as to require us to support the decision if warranted upon the evidence.  *Sylvester* v. *Shea*, 280 Mass. 508.  *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 450.  *Johnson* v. *Rosengard*, 299 Mass. 375, 376.  *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 252.

Even though Flesher had a valid claim for storage, it does not follow that at common law he had a lien.  *Lewis* v. *Gray*, 109 Maine, 128.  Although carriers and warehousemen have liens for storage, recognized at common law, in general liens upon chattels at common law were given only for services that improved them.  A landlord is

entitled to payment for the storage of goods left behind by an outgoing tenant, but he has no lien. *Preston* v. *Neale,* 12 Gray, 222. *Field* v. *Roosa,* 159 Mass. 128, 130. *Clabburn* v. *Phillips,* 245 Mass. 47, 49. *Whitlock Machine Co.* v. *Holway,* 92 Maine, 414. Compare *Finnigan* v. *Hadley,* 286 Mass. 345. A finder of goods has a claim against the owner for caring for them, but apparently has no lien at common law unless a reward has been offered for their return. *Chase* v. *Corcoran,* 106 Mass. 286. *Keith* v. *de Bussigney,* 179 Mass. 255, 260. *Wentworth* v. *Day,* 3 Met. 352. An agistor or keeper of animals had no lien upon them at common law for their keeping, unless one was created by contract. *Goodrich* v. *Willard,* 7 Gray, 183. *Perkins* v. *Boardman,* 14 Gray, 481. *Goell* v. *Morse,* 126 Mass. 480, 482. Compare *Harris* v. *Woodruff,* 124 Mass. 205. See now G. L. (Ter. Ed.) c. 255, § 24. We have found no authority for holding that a noncontractual common law lien exists under the circumstances of this case, unless it be *Leavy* v. *Kinsella,* 39 Conn. 50. The Legislature thought it necessary to provide a statutory lien for the storage of motor vehicles. G. L. (Ter. Ed.) c. 255, § 25.

A contention might be made that from September 20, 1933, a contractual lien or pledge existed. Where the goods of one person are on the premises of another, a notice that storage will be claimed for the future unless the goods are removed, may create a valid claim for storage. The failure to perform the alternative duty of removing the goods warrants a finding of an implied promise to pay for storage. *Taylor* v. *Dexter Engine Co.* 146 Mass. 613. *Commonwealth* v. *Hull,* 296 Mass. 327, 332–333. *Bowley* v. *Fuller,* 121 Maine, 22. Williston, Contracts (Rev. Ed.) §§ 71, 90A–91D. Where the notice states that unless the goods are removed a lien will be claimed, the failure to remove them may warrant a finding of consent to the lien. *Schneider* v. *Dayton,* 111 Mich. 396. *Othoudt* v. *Addison Fur Corp.* 262 Mich. 481, 486.

But we think the case is determined by the Sales Act, G. L. (Ter, Ed.) c. 106, § 40. A buyer who fails after re-

quest to take delivery, is liable "for a reasonable charge for the care and custody of the goods." *Empire State Pickling Co.* v. *Empire Grocery Co.* 235 Mass. 418, 422. *Wood & Selick, Inc.* v. *American Grocery Co.* 96 N. J. L. 218, 221, 222. *Parish Manuf. Corp.* v. *Martin-Parry Corp.* 285 Penn. St. 131, 140. *Atlantic City Tire & Rubber Corp.* v. *Southwark Foundry & Machine Co.* 289 Penn. St. 569, 577. *Greaves* v. *Ashlin,* 3 Camp. 426, 427. *Mortensen* v. *Frederickson Brothers,* 194 Iowa, 1365, 29 Am. L. R. 55, and note. Williston, Sales (2d ed.) §§ 498, 499, 559. The statute continues: "If the neglect or refusal of the buyer to take delivery amounts to a repudiation or breach of the entire contract, the seller shall have the rights against the goods and on the contract hereinafter provided in favor of the seller when the buyer is in default." Among "the rights against the goods" referred to is the right to retain them under a lien until paid. § 42 (1) (a). § 43. The effect of § 40, so far as the present case is concerned, was to create a lien for "a reasonable charge for the care and custody of the goods" as though it were for the unpaid price. So far as *Putnam* v. *Glidden,* 159 Mass. 47 (see also *Keith* v. *de Bussigney,* 179 Mass. 255, 259) may conflict with the Sales Act, the latter must prevail.

In each case the entry will be

*Exceptions overruled.*