WILLIAM H. CHAMPLIN *vs.* KARL F. JACKSON.

Suffolk.    December 5, 1944. — January 2, 1945.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Evidence,* Interrogatories, Presumptions and burden of proof.  *Contract,*
     What constitutes.  *Sale,* Contract of sale.

A plaintiff, who, in his answers to interrogatories propounded and intro-
     duced in evidence by the defendant, stated that he had accepted a
     certain purchase order given him by the defendant, was not precluded
     from relying on evidence of the parties' written communications and
     conduct showing that the plaintiff did not accept such offer but made
     a counter offer to sell which was accepted by the defendant; the
     principle that a party is bound by his own testimony as to his own
     knowledge, motives, purposes or feelings was inapplicable.

CONTRACT.  Writ in the Municipal Court of the City of
Boston dated April 15, 1942.

After the decision by this court reported in 313 Mass.
487, there was a second hearing of the action by *Carr,* J.

*K. C. Tiffin,* for the defendant.

*H. W. Keyes,* for the plaintiff.

RONAN, J.  This is an action of contract to recover for
lumber sold and delivered.  When the case was here before
we held that the defence of accord and satisfaction had
not been made out.  *Champlin* v. *Jackson,* 313 Mass. 487.
The question now presented is whether the quantity of
lumber sold is to be determined by surface measure, as
the plaintiff contends, or by board measure, as the de-
fendant contends.

There was evidence that the defendant, an experienced
contractor, telephoned on March 11, 1942, to the plaintiff,
"an extensive dealer in lumber," and in answer to an in-
quiry was informed by the plaintiff that he could furnish
him with lumber similar to that which the defendant had
previously bought for "$39 a thousand surface measure."
The defendant sent a written order "E.B.9" to the plain-
tiff on March 12, 1942, for "96,000 F.B.M. 1″ x 6″ x 11/16″

mat. boards $39.00 del." The plaintiff on March 13, 1942, sent the defendant a memorandum which contained the statement that "This order is entered for your account in accordance with the above Specifications, and subject to the above conditions," and contained the following provision, "Terms of Sale Prices delivered less 2% — 10 days ADTrucking or 30 days net Description Eastern White Pine . . . 96,000 ft. B.M. 6/4x6 Roofers D2S&2CM & R/S to 11/16+5-1/2 face $39.00 S.M." "Customer's No. E. B. 9." There was evidence as to the meaning of the symbols and figures contained in the order and the memorandum. Both parties were familiar with the usages of the lumber trade and understood the meaning of the words, figures, letters and symbols used in lumber contracts. The judge found that the order of the defendant called for board measure of the boards; but that the memorandum of the plaintiff meant that the boards were to be cut from eastern white pine stock from lumber six fourths of an inch thick of a quality called roofers, to be dressed on both sides, each board to have a groove and tongue for matching in the middle, to be resawed so as to produce boards eleven sixteenths of an inch thick with a face of five and one half inches, and to be sold at the rate of $39 a thousand feet of surface measure; and that the price was subject to a discount of two per cent if paid within ten days after first deducting the cost of trucking; the price to be net if paid in thirty days. He also found that the memorandum differed so materially from the order that the memorandum constituted a counter offer which was accepted by the defendant. This counter offer was received by the defendant several days before the first delivery of the lumber. An invoice which was sent immediately after each delivery of lumber set forth a detailed description of the lumber according to the memorandum, and showed the charge by surface measure. Each invoice was approved by the defendant who put on the letters "O K" and his own initials. The plaintiff shipped two hundred seventy-eight thousand eight hundred ninety-nine feet of lumber reckoned by surface measure. The

judge found for the plaintiff for this quantity of lumber after crediting the defendant with payments he had made. The defendant appealed from a decision of the Appellate Division dismissing a report by the judge.

The defendant's only contention is that the plaintiff, having admitted in his answers to the defendant's interrogatories that he had accepted the defendant's order of March 12, 1942, cannot recover upon any basis other than board measurement of the lumber. All of his seventeen requests are directed to this point except the last, which has become immaterial, and the sixteenth, which dealt with accord and satisfaction but which was predicated on facts not found. It is to be noted that this is not the usual case where a party introduces his adversary's answers to interrogatories and becomes bound by them unless they are contradicted by other evidence. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367. *Vozella* v. *Boston & Maine Railroad*, 296 Mass. 491. Here the attempt is made not to bind the party who put the answers in evidence but to bind the party who made the answers. *Tighe* v. *Skillings*, 297 Mass. 504, 507. The answers comprised only a part of the evidence and, as is ordinarily true, the plaintiff had the right to have the case decided upon all the evidence and to urge the judge to adopt as true other portions of the testimony which were more favorable to him, including much of the defendant's testimony, and to make a finding for the plaintiff. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205. *Gleason* v. *Mann*, 312 Mass. 420. *Duff* v. *Webster*, 315 Mass. 102. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301. *Prout* v. *Mystic Motor Trans. Co. Inc., ante,* 349.

On the receipt of the defendant's order, the plaintiff did not communicate to the defendant any intention to accept it, but instead immediately made out and mailed to the defendant a memorandum which set forth the terms upon which the plaintiff would sell, so materially different from those stated in the defendant's order that the memorandum constituted a new offer. *Kehlor Flour Mills Co.*

v. *Linden*, 230 Mass. 119. *Lawrence* v. *Rosenberg*, 238 Mass. 138. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139. *Bank of United States* v. *Thomson & Kelly Co.* 290 Mass. 224. *Stern* v. *Lieberman*, 307 Mass. 77. The evidence warranted a finding that the new offer was accepted by the defendant. *Horton* v. *Cooley*, 135 Mass. 589. *Taylor* v. *Dexter Engine Co.* 146 Mass. 613. *Amesbury & Salisbury Gas Co.* v. *Gibney*, 210 Mass. 498. *Scott* v. *Dedham Water Co.* 224 Mass. 398. *Greany* v. *McCormick*, 273 Mass. 250. *Aluminum Products Co.* v. *Regal Apparel Co.* 296 Mass. 84, 88. *Flesher* v. *Handler*, 303 Mass. 482.

The defendant relies upon decisions in which it has been held that a party is bound by his testimony as to his knowledge, motives, purposes, emotions or feelings, *Laffey* v. *Mullen*, 275 Mass. 277; *Germaine* v. *Boston & Albany Railroad*, 298 Mass. 501, but the principle of those decisions is inapplicable where the determination of the rights of the parties under a unilateral contract created by the acceptance of a written offer — the only dispute being which offer was accepted — must be based upon their language, conduct and overt acts and not upon the secret or unexpressed intention of either of them. *West* v. *Platt*, 127 Mass. 367. *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194. *Bohn Manuf. Co.* v. *Sawyer*, 169 Mass. 477. *Horowitz* v. *S. Slater & Sons, Inc.* 265 Mass. 143. *Quirk* v. *Smith*, 268 Mass. 536, 543. *Aluminum Products Co.* v. *Regal Apparel Co.* 296 Mass. 84. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540.

The order of the Appellate Division dismissing the report must be affirmed.

*So ordered.*