On December 15, 1948, the plaintiff left a 1938 Ford panel truck with the defendant for repairs and replacement of some of the parts. When the work was completed on December 30 the defendant refused to deliver the car until his charges were paid for in cash. As the result of a conference plaintiff claims he signed six checks agreeing to pay the amount due over a period of months, the first instalment to be paid on January 11, 1949. In accordance with the agreement he left to secure a driver of the truck but upon his return was informed that the defendant had changed his mind and would not release it until the bill was paid. On January 6 this action was instituted charging defendant with conversion.
The right of a bailee for hire to retain the property upon which he has performed services until his bill has been paid has long been recognized. Leavy v. Kinsella, 39 Conn. 50, 53; 6 C. J. 1132. This lien may be waived or lost by an express agreement, by operation of law, by implication from the facts or circumstances of the particular case, or it may be discharged by payment. 37 C. J. 333.
Plaintiff claims that the agreement to accept the postdated checks amounted to a waiver. Defendant denies such an agreement, and there is a serious conflict in the evidence as to just what the understanding was. In any event, the truck never left the possession of the defendant. Assuming the agreement to be in accordance with plaintiff's claim, the court is unable to find any consideration to support it.
As to whether the lien was waived by implication in accepting the checks or that such acceptance amounted to payment, the rule seems well settled. Where a lien has once attached, the taking of other and additional security for the debt does not discharge or release the lien unless an intention to waive the lien appears from the circumstances of the case or from the nature of the security taken. Merely receiving postdated checks, which gave the defendant no more protection than he originally had, did not release the lien, especially when a contrary intention was evidenced by the refusal to give up possession. 17 R. C. L. 608. *Page 388 
The mere giving of the checks did not amount to payment. Being postdated, they were in effect promissory notes evidencing a promise to pay sometime in the future. Kossover v. WillimanticTrust Co., 122 Conn. 166, 168; Hopkins v. Forrester,39 Conn. 351, 354.
 Judgment may enter for the defendant.