No. 328297

# MORRILL LUMBER CO.

## v.

# FRAMES, INC.

(June 18, 1952)

ROBERTS, J. The plaintiff has a finding in an action of contract where the defendant after ordering a carload of lumber from the plaintiff failed or declined to accept delivery. The damages awarded which are not in dispute were based on certain freight, demurrage and redelivery charges resulting from an alleged breach. There was a general denial.

It is admitted that on March 6, 1951 the defendant placed a written order for a carload of hard maple, to be shipped by freight from Virginia, with the plaintiff and that some few days later the plaintiff sent to the defendant a written confirmation or acknowledgment of the sale. Further, it is admitted that a carload of hard maple arrived in Waltham as requested on April 23, 1951, and that the defendant was notified of its expected arrival by an invoice dispatched a few days before that date. The defendant disputes the import of these memorandums.

In addition there was testimony given upon which the court could find that the defendant refused to unload or accept the lumber when it arrived. The only evidence on this point indicated that the defendant's refusal was based on the fact that its business was being liquidated. There was no evidence whatever bearing on the defendant's contention that its refusal to accept was based upon any variance between the terms of the order and its confirmation or any difference between the lumber shipped and that ordered.

[7]

Further, there was testimony from which the court could find that after considerable effort the shipment was finally sold by the plaintiff at the request and for the account of the defendant to a concern in North Leominster. The sale was completed on May 3 for an amount equal to the invoice price but did not include the accumulated freight and demurrage charges, which were established through evidence given by a chief clerk of the Boston & Maine Railroad.

The defendant has raised no question as to the proprieties of these charges nor as to the amount of the finding. There was testimony offered to the effect that in the lumber business there was no difference between the phrase used in the order "at once" and that used in the acknowledgment "as soon as possible."

The case is before us on the defendant's claim that it is aggrieved by the trial court's denial of some twenty requests for rulings filed by the defendant.

While stated in somewhat different terms most of these requests involve the principal issue argued by the defendant, namely that its order for a carload of lumber placed with the plaintiff was never accepted because the plaintiff's acknowledgment sought to impose upon the defendant substantially different terms and conditions. In this respect the defendant further argues that the plaintiff's acknowledgment was a counter offer which was never accepted by the defendant.

It is elementary law that an offer must be accepted in the terms in which it is made in order to become a binding contract. If the acceptance is conditional or seeks to impose terms materially different from the offer it is a legal rejection. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139 at 148.

The defendant argues that the acknowledgment imposed different terms and conditions not included in its order and further that the plaintiff varied its terms of the offer by changing the words regarding the time of shipment from "at once" contained in the order to "as soon as possible" used in the acceptance.

The documents involved are nothing more than brief memoranduma and we have examined these to-

gether with the testimony offered and in our opinion the defendant's contentions are without merit.

First there was evidence given in answer to a question put by the defendant's counsel that "in the lumber business 'at once' means 'as soon as possible. ".". This testimony stands unchallenged and the trial court rightly adopted it and found that there was no substantial difference between the two phrases. *Rizzo* v. *Cunningham,* 303 Mass 16, 20. Further, where the goods were to be freighted from Virginia and there was no evidence of the time required for processing or shipment the difference would not appear to be material and clearly a finding was warranted that shipment was made as contracted for. *MacDonald & Payne Machine Co. Inc.* v. *Metallic Arts of New England, Inc.* 324 Mass. 353.

Secondly, the defendant ordered a carload of hard maple specifying five different grades and indicated that of three lowest grades ordered 50% should be No. 1 common, 30% of No. 2, and 20% of No. 3A. The plaintiff accepted this order unconditionally both as to price by grade and total quantity and we cannot say as a matter of law that there is a substantial variance simply because in the exchange of memoranduma the plaintiff made no reference to these percentages which the defendant desired applied only to the three lowest grades ordered.

Finally, other provisions contained in the plaintiff's acknowledgment, such as the reference to association rules as to grading, possible responsibility for increase in taxes and freight charges and manner of making claims do not seem to be in the slightest degree material to the issue at hand. Certainly the trial court would be warranted in finding that the plaintiff in making a positive acceptance of the defendant's offer simply requested or suggested the additions and modifications referred to. *Nelson* v. *Hamlin,* 258 Mass. 331, 340.

The defendant's requests dealing with an alleged rejection of the lumber shipped based on a variance of its order were rightly denied for there was no such evidence. *Kelsey* v. *Hampton Court,* 1951 A.S. 343. To the contrary there was evidence that the defendant's representative with full knowledge of the exact nature

[9]

of shipment made no comment whatever concerning any such variance either at the time the shipment arrived or subsequently when he discussed with the plaintiff's representative the difficulties of disposing of a carload of hard maple consisting of five different grades.

Because of our determination that the trial coutr was warranted in finding that there was no substantial variance and that the exchange of memoranduma constituted a contract it has been unnecessary to consider the defendant's requests based on a counter offer. cf. *Champlin* v. *Jackson,* 317 Mass. 461 and *Chapin* v. *Ruby,* 321 Mass. 512, 515.

Report dismissed.

Samuel W. Gaffer and Paul M. Pinciss for plaintiff. Thomas D. Burns for defendant.