*Municipal Court of the City of Boston*

No. 260495

**COX ENGINEERING COMPANY**

v.

**R. F. COX ASSOCIATES, INC.**

Argued: May 22, 1971. Decided: June 28, 1971.

*Present:* Gillen, J. (Presiding), Lewiton, Morrissey, JJ.

Case tried to *Mottola, Sp. J.*

**Lewiton, J.** In this action of contract in which there was a finding for the defendant, and in which the plaintiff claims to be aggrieved by certain rulings of the trial judge, we have for our consideration a report made by the trial judge ("Report") and a petition ("Petition") by the plaintiff to establish the draft report originally filed by it. After a hearing, we recommitted the report to the trial judge for the purpose of his filing a supplementary report containing a summary of evidence material to the issues presented for our determination. Such supplementary Report has since been filed.

The plaintiff's claim was based upon an accord between it and the defendant in connection with which the defendant gave the plaintiff three post-dated checks. Two of the checks were paid in due course, but the defendant stopped payment on the third check, for the amount of which the plaintiff thereafter brought this action. The terms of the accord were in dispute. The defendant offered evidence that it agreed to pay the plaintiff the amount in issue, but that this promise was expressly conditional upon the plaintiff's completion of certain work which it had originally agreed to do under a contract giving rise to the plaintiff's claim which was the subject of the accord. On the other hand,

the plaintiff's evidence was that the accord contained no such condition or requirement that the plaintiff do any additional work, and that "it was expressly stated that after the three checks were paid, Cox Engineering Company and Cox Associates, Inc. would exchange releases and thereafter would have nothing to do with each other." Admittedly, no additional work was done by the plaintiff after the accord and the concurrent delivery of the three checks by the defendant.

At the close of the trial the plaintiff submitted several requests for rulings, including request No. 7, that

"[the] evidence warrants a finding that the plaintiff and the defendant entered into an 'accord', under the terms of which the plaintiff agreed to accept $22,680.00 in full settlement of defendant's indebtedness to the plaintiff, and the defendant agreed to pay $7,500.00 on March 4, 1970, $7,500.00 on March 25, 1970 and $7,680.00 on April 15, 1971."

The ruling of the trial judge on this request was: "This request is denied as it is based upon a question of fact. See findings of the court." The pertinent findings made by the trial judge were as follows:

"The court further finds as a fact, upon all the evidence, that at the time the defendant, Robert F. Cox Associates, Inc. gave the three checks to the plaintiff's attorney with the desire

and intention that the plaintiff, Cox Engineering Company would complete its contract which the plaintiff failed to do.

"Therefore, the accord so-called by the plaintiff was never carried out by the plaintiff."

The court then proceeded to find for the defendant.

The denial of requested ruling No. 7 quoted above was error.

While the trial judge was not required to believe the evidence offered by the plaintiff as to the terms of the accord, he was required, on request of the plaintiff, to instruct himself properly as to the legal sufficiency of the evidence to warrant a finding that the terms of the accord were as stated in the requested ruling. *Briggs* v. *Densmore,* 323 Mass. 106, 108. *Perry* v. *Hanover,* 314 Mass. 167, 175. *Bianchi* v. *Denholm & McKay Co.,* 302 Mass. 469, 471-2. *Bresnick* v. *Heath,* 292 Mass. 293, 298-9.

It is clear from the report and supplementary report that the evidence would, as a matter of law, have warranted, though not required, a finding as set forth in the requested ruling.

Thus, the denial of the requested ruling must be deemed prejudicial error unless it appears that the ultimate finding of the trial judge was based on a specific finding that, irrespective of the sufficiency of evidence to warrant a finding that the terms of the accord were as claimed by the plaintiff, the plaintiff had in fact agreed, as part of the accord, to do the additional work,

as contended by the defendant. *Quality Finance Co.* v. *Hurley,* 337 Mass. 698, 699. *L. Grossman Sons Inc.* v. *Rudderham,* 319 Mass. 150, 157. cf. *Perry* v. *Hanover,* 314 Mass. 167, 175. Bresnick v. *Heath,* 292 Mass. 293, 298-9.

▉ No such finding was made by the trial judge. He did find that the checks in question were delivered by the defendant "with the desire and intention that the plaintiff . . . would complete its contract. . . ." However, such desire and intention on the part of one party to the accord would not be the equivalent of an agreement by both parties that the doing of such work was a binding element of the accord. *Tupper* v. *Hancock,* 319 Mass. 105, 108. *Champlin* v. *Jackson,* 317 Mass. 461, 464. *Moot* v. *Moot,* 301 Mass. 463, 469. *Quirk* v. *Smith,* 268 Mass. 536, 543.

We conclude, therefore, that the general finding for the defendant must be vacated and a new trial ordered. In view of this conclusion, we have no occasion to consider other rulings of the trial court, or the plaintiff's petition to establish the draft report originally filed by it.

**Finding for defendant vacated. New trial ordered.**

**Petition to establish report dismissed as moot.**

Irvin M. Davis
    for the Plaintiff.
John V. Harvey
    for the Defendant.