*Northern District*

No. 7594

**CRESENCE E. BRUCE, GERALD K. RICHARDSON and BRADLEE FULTON CLARKE,** Trustees of Brattle Craigie Trust

v.

**HARVARD TRUST COMPANY**

as **Executor of the Will of John F. Peterson**

Argued: —————. Decided: —————.

*Present:* Durkin, P.J., Cowdrey, Mason, JJ.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex Nos. 1315, 1756.

**Mason, J.** Both cases come before us for the same cause of action, but for different periods of time.

**This is an action of contract to recover damages** [a] for storage of articles of personal property left by the defendant, as a tenant of the plaintiffs, in premises of the plaintiffs, or [b] for use and occupation by the defendant of the premises of the plaintiffs for the period October 20, 1964 to March 15, 1970.

The answer is a general denial, denial of ownership by the defendant of any articles of personal property in or upon the premises, denial of right to possess or control such property and allegation that the plaintiffs took possession of said property on or about June 12, 1964 knowing that said property was owned by one other than the defendant, and denial of entering into a contract with the plaintiffs for storage during the period declared on by the plaintiffs, and

denying any sort of obligation to the plaintiffs for the storage alleged.

The court found for the defendant.

The issue is whether the defendant incurred a liability for use and occupancy in the nature of storage, for goods belonging to a third party, left on the premises after the plaintiffs had terminated the tenancy of the defendant.

The court found "that the tenancy was terminated by the plaintiffs as of April 30, 1964; that the defendant did not occupy the premises after that date; that the property on the premises, if attached to the realty, became a part of it; that if not attached to the realty it was sold to one Kaufman on January 20, 1964; that the plaintiffs were aware of such sale, and by letter dated April 14, 1964 referred to the property as Kaufman's."

■. The findings of the trial judge must stand unless plainly wrong.

The only evidence offered was in the form of an "agreed statement of facts" which we treat as an agreement to evidence and not as a case stated. *Duff* v. *Southbridge,* 325 Mass. 224, 226.

The pertinent evidence to which the parties agreed includes the following:

"The plaintiffs, Trustees of the Brattle Craigie Trust, were the owners of the premises numbered 15 Brattle Street, Cambridge in November of 1963 and have continued to own these premises to the date of this agreement. Peterson who had been a tenant of the plaintiffs at

15 Brattle Street, died in *November 1963,* but before his death he paid the plaintiffs the November rent in advance. The defendant was appointed executor of Peterson's estate and paid the plaintiffs rent for *December 1963* and *January 1964.* The personal property formerly of the Estate of Peterson consisting of printing machines, equipment and cameras, has remained on the premises since November 1963. Some of this property is attached to the building but not in the manner or with the intent to make it part of the real estate. It still remains personal property.

On *January 20, 1964* the defendant, as executor of the Estate of Peterson, sold the business including said personal property to one Maurice Kaufman. The plaintiffs were given notice of this by the defendant on or about March 17, 1964. This sale excluded certain articles as being the property of Peterson's customers. Kaufman asked the plaintiffs to accept him as a tenant of the premises sometime in late *January or early February of 1964,* but the plaintiffs refused to do so and notified the defendant of this action by them on or about *April 14, 1964.*

The plaintiffs also notified Kaufman in writing and orally to remove his property from the premises on or before *March 3, 1964.* The property, including that of Peterson's customers, still remains on the plaintiffs' premises at 15 Brattle Street.

On *March 31, 1964* the plaintiffs gave notice

to the defendant, as executor, terminating the tenancy at will as of April 30, 1964.

On or about *June 12, 1964* the plaintiffs notified the defendant that the building was being locked and to make arrangements to remove the property. The plaintiffs further advised of their intent to hold the defendant liable for rent and use and occupation while the goods remained on the property.

The property in question was sold by the defendant to Kaufman on *January 20, 1964.* There is no question that the plaintiffs were aware of the sale. The plaintiffs notified the defendant that they did not recognize Kaufman as a tenant and requested that the defendant take the necessary steps to move Kaufman and his property as he was considered to be a trespasser on the property of the plaintiffs in the premises rented to the defendant.

The plaintiffs terminated the tenancy by proper notice to the defendant.

The property remains on the premises to date.

The evidence did not require, or even permit a finding that Kaufman became a tenant of the plaintiffs.

A tenancy at will arises out of an agreement, express or implied, by which one uses and occupies premises of another for a consideration, usually the payment of rent. The relation between the tenant and the landlord is contractual. *Williams* v. *Seder,* 306 Mass. 134, 136. *Connors* v. *Wick,* 317 Mass. 628, 630.

The defendant's liability for rent depends on a contract for possession, and not upon the ownership of the goods stored in the premises.

. The defendant was already occupying the premises as a tenant at will. The existing tenancy could not be changed and a new tenancy at will substituted for the former tenancy, unless with the mutual assent of the parties. *Hastings* v. *Lovejoy,* 140 Mass. 261. *Conroy* v. *Toomay,* 255 Mass. 87. *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548.

 A landlord is entitled to payment for storage of goods left behind by an outgoing tenant, but he has no lien. *Preston* v. *Neale,* 12 Gray 222. *Field* v. *Roosa,* 159 Mass. 128, 130. *Flesher* v. *Handler,* 303 Mass. 482, 483 and a landlord is entitled to possession of the premises free from goods. *Lash* v. *Ames,* 171 Mass. 487, 491. Where the goods of one person are left on the premises of another, a notice that storage will be claimed for the future unless the goods are removed, may create a valid claim for storage. The failure to perform the alternative duty of removing the goods warrants an implied promise to pay for storage. *Taylor* v. *Dexter Engine Company,* 146 Mass. 613. *Flesher* v. *Handler,* 303 Mass. 482, 484.

 The basis of liability for use and occupation consists in the control over the premises which effectively deprives the owner of the use of the property. *Horton* v. *Cooley,* 135 Mass. 589, 590. In this case the defendant effectively

exercised control by taking no action to require the goods to be moved after creating an estate on the premises of the plaintiff. The liability of the defendant is based on privity of contract as distinguished from privity of estate. It cannot escape liability by an assignment of its estate, any more than any contractual duty can be avoided by the unilateral act of one of the parties. The defendant's contractual liability remains no matter how valid the transfer of his interest may be in the demised premises. *Taylor* v. *Kennedy,* 228 Mass. 390, 392. *68 Beacon St., Inc.* v. *Sohier,* 289 Mass. 354, 359, and continues the obligation of the defendant until the good are removed. *Shookman* v. *Wales Mfg. Co.,* 331 Mass. 211.

At all times the plaintiffs advised of their intent to hold the defendant liable for the removal of the goods from the premises. By effecting and consummating the sale of the goods on the premises, the defendant created for itself the liability to fulfill its obligations under the original tenancy.

One who is bound to a performance, cannot by any act of his own, or by an act in agreement with any other person other than to whom his performance is due, cast off his own liability and substitute another's liability. Duties cannot be avoided by the unilateral act of one of the parties. Williston on Contracts, (Third Ed.) § 411, and *68 Beacon St., Inc.* v. *Sohier,* 289 Mass. 354, 359.

The plaintiffs have the right to the benefit they anticipate from the character, credit and substance of the party with whom they contracted. *Winchester* v. *Howard,* 97 Mass. 303, 305.

■. We are of the opinion that the defendant's status on the property is that of a tenant at sufferance and by the continued possession at sufferance, the defendant is liable for use and occupation for the premises and storage of goods.

The denial of the plaintiffs' requests for rulings is in error.

**Finding for the defendant is vacated and a finding for the plaintiffs is entered in the sums declared upon.**

EARLE S. TYLER
 of Boston for plaintiff.
EDWARD M. VIOLA
 of Cambridge for defendant.