Hurley, J.
This action seeking money due on a promissory note was decided on summary judgment in favor of the plaintiff bank. The defendant claimed a report.
After notice of the time and place of the sitting of the appellate division at which the *174 report would be considered, counsel for the defendant filed a motion for leave to withdraw his appearance. In his motion he recites that the defendant began negotiating directly with the plaintiff and had not directed counsel to proceed or dismiss this case. He represents that his client assented to the termination of hie employment in this case citing the relevant disciplinary rule: S.J.C. Rule 3:07, Canon 2, DR 2-110. Neither counsel nor the defendant appeared at oral argument. Dist./Mun. Cts. R. Civ. P., Rule 63(f) provides that “(I)f any party be absent or not ready for argument when reached, said division may dispose of the cause as justice may required.” In view of the circumstances presented by counsel’s motion to withdraw, we dismiss the report determining that the defendant chose not to pursue the report before the appellate division. The motion to withdraw as counsel is allowed.
W e have reviewed the issues raised by the defendant in her brief and determine that there was no error in the judge’s allowance of the motion for summaryjudgment The defendant argues that she is not liable to the plaintiff because the promissory note sued on had been satisfied by the delivery of a new note in the same principal amount. This pattern of satisfying the original note with new notes continued from the spring of 1989 to the spring of 1990. No interest payments had been made since the original note was executed. The plaintiff informed the defendant that it would not accept a renewal note in payment of an earlier note unless the outstanding interest was paid. The desire of the defendant to satisfy the obligation to the plaintiff without the payment of accrued interest is insufficient without the agreement of the plaintiff to accept the new note on those terms. Cox Engineering Company v. R.F. Cox Assoc., Inc., 46 Mass. App. Dec. 185 (1971).
The defendant argues further that the parties had established a “cause of dealing” in discharging the notes, citing G.Lc. 106, §1-205(1). Contrary to the defendant’s position, the plaintiff expressly conditioned acceptance of the renéwal note on payment of the outstanding interest. G.Lc. 106, §1-205(4).
The final issue raised by the defendant is insufficiency of sendee of process. The defendant, a California resident, was served by a form of mail (certified) requiring a signed receipt. Processwasmailedtothedefendantatherplaceofemployment The receiptwas signed by afellow employee. The defendant acknowledged receipt of the process. Dist/Mun. Cts. R. Civ. P., Rule 4(e) (3) provides that if service of process outside the Commonwealth is authorized (as it is in this case) service may be made by delivering a copy of the summons and complaint “by any form of mail addressed to the person to be served and requiring a signed receipt” The mailing was reasonably calculated to give actual notice to the defendant She acknowledged receipt of the actual notice to the defendant. She acknowledged receipt of the complaint and summons. No special appearance to contest jurisdiction was presented to the trial judge. See Kagan v. United Vacuum Appliance Corp., 357 Mass. 680 (1970); G.Lc. 233A, §6(b).
The report is dismissed.